[No. E035412. Fourth Dist., Div. Two. Mar. 3, 2005.]

STANLEY ROY et al., Petitioners, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, Respondent;
LUCKY STAR INDUSTRIES, INC., Real Party in Interest.

## COUNSEL

Law Offices of Steven J. Horn and Steven J. Horn for Petitioners.

Dunn Koes and Pamela E. Dunn for Association of Southern California Defense Counsel as Amicus Curiae on behalf of Petitioners.

No appearance for Respondent.

Billet, Kaplan & Dawley, Jerome S. Billet and Terry S. Kaplan for Real Party in Interest.

Michaels & Watkins and Steven B. Stevens for Consumer Attorneys of California as Amicus Curiae on behalf of Real Party in Interest.

OPINION

**McKINSTER, Acting P. J.**—This is a routine breach of contract and fraud action brought by Lucky Star Industries, Inc. (as assignee) against an Illinois corporation, Audio Source, Inc., and several of its officers/directors/shareholders, Stanley Roy, Michael Roy and Janice Roy (the Roys) and Janice Quinn. The gravamen of the complaint is Audio Source's failure to pay for goods.

Lucky Star filed its action on December 9, 2002. On February 11, 2003, defendants filed a joint answer in which they asserted 24 affirmative defenses, of which the sixth was "The court lacks jurisdiction over these answering defendants because the acts complained of occurred outside of the State of California, these answering defendants are not residents of the Statement [*sic*] of California and there was [*sic*] no contacts with the State of California to give the court jurisdiction over these answering defendants."

Defendants did not, however, immediately act on their assertion of this purported defense. Instead, they proceeded to actively participate in the litigation. They filed a case management statement and attended conferences; they propounded discovery and filed numerous motions to compel when satisfactory responses were not received; they requested various continuances; and they filed a motion for summary judgment.

Finally, just prior to the scheduled hearing on the latter motion (which was eventually vacated), the individual defendants filed a motion to dismiss for lack of personal jurisdiction.[1] After hearing argument and conducting its own research, the trial court denied the motion on the basis that by filing an answer and participating in the litigation, defendants had all submitted to California's jurisdiction.

This petition followed on behalf of the Roys and Janice Quinn.[2] They argue that under Code of Civil Procedure[3] section 418.10, subdivision (e), as amended in 2002, they followed proper procedure and there was no submission to jurisdiction or waiver of the jurisdictional defect. For reasons that follow, we conclude that the trial court was right and that the motion was properly denied.

---

[1] Given our resolution of the issue before us, it is unnecessary to consider the substantive merits of the motion.

[2] She is sometimes named as "Janice Roy."

[3] All subsequent statutory references are to the Code of Civil Procedure.

## DISCUSSION

As the trial court recognized, it has long been the rule in California that a party waives any objection to the court's exercise of personal jurisdiction when the party makes a general appearance in the action. (See 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 190, p. 756.) An answer, of course, is such an appearance, as is expressly made clear by section 1014: "A defendant appears in an action when the defendant answers, demurs, [or] files a notice of motion to strike. . . ." A defendant who has not yet answered has been held to have made a general appearance—that is, to have conceded the jurisdiction of the court—if he invokes the authority of the court on his behalf, or affirmatively seeks relief. Thus, a party who propounds discovery demands makes a general appearance (*Creed v. Schultz* (1983) 148 Cal.App.3d 733, 740 [196 Cal.Rptr. 252]), as does one who moves for summary judgment before filing an answer. (*Wilson v. Barry* (1951) 102 Cal.App.2d 778, 781 [228 P.2d 331].)

It is therefore beyond dispute that defendants would have properly been held to have waived any jurisdictional defect under the law as it was in effect before January 1, 2003. However, defendants rely on amendments made to section 418.10 and effective that date to support their argument that the jurisdictional objection was preserved.

Section 418.10 governs the procedure for making a motion to quash service or dismiss or stay an action on the basis of lack of jurisdiction or inconvenient forum. Subdivision (e), added in 2002, provides that, "A defendant or cross-defendant may make a motion under this section and simultaneously answer, demur, or move to strike the complaint or cross-complaint." It further provides that "no act" by a party making a motion under the statute, "including filing an answer, demurrer, or motion to strike," shall be deemed a general appearance. (*Id.*, subd. (e)(1).) Plainly, this abolishes the old rule to that extent.

Finally, subdivision (e)(3) of section 418.10 states that "[f]ailure to make a motion under this section at the time of filing *a demurrer or motion to strike* constitutes a waiver of the issue[] of lack of personal jurisdiction. . . ." (Italics added.) It is this latter provision upon which defendants particularly rely. Tacitly applying the doctrine *inclusio unius est exclusio alterius* (the inclusion of one is the exclusion of another), they argue that although the statute provides for a waiver of objections for a defendant who files either a demurrer or motion to strike without a concurrent motion to quash or dismiss, it implicitly preserves the objection for a defendant who *answers*, even if he does not simultaneously challenge jurisdiction by motion.

Both sides have supplied legislative history materials of which we have taken judicial notice. (Evid. Code, §§ 452, subd. (c), 459; *White v. Davis* (2003) 30 Cal.4th 528, 553 [133 Cal.Rptr.2d 648, 68 P.3d 74] at fn. 11.) It is apparent that the intent behind the amendments to section 418.10 was to simplify procedures and reduce the risk of an inadvertent submission to jurisdiction. For example, the Senate Judiciary Committee analysis for the April 2, 2002, hearing on Senate Bill No. 1325 (2001–2002 Reg. Sess.) comments that "current California law on special and general appearances 'is a quagmire filled with traps for the unwary.' "[4] The report refers to federal practice under Federal Rules of Civil Procedure, rule 12(b) (28 U.S.C.) (rule 12(b)), and notes that the proposed bill would "conform California procedure to federal procedure." This understanding—that section 418.10 would follow federal rule 12(b)—is also expressly stated in section 2 of Statutes 2002, chapter 69.

The question is, to what extent has California practice been conformed to federal? The answer requires a brief analysis of procedure under rule 12(b) and otherwise. The rule requires that, "Every defense . . . shall be asserted in the responsive pleading . . . except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19." (*Ibid.*)[5] Such a motion is to be made "before pleading if a further pleading is permitted." The rule also clarifies that, "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." (Rule 12(b).)

■ Thus, under rule 12(b), a defendant may raise objections to personal jurisdiction along with any other defenses without being deemed to have waived the jurisdictional objection. A defendant may also choose to proceed by motion before answering, or simply to state lack of personal jurisdiction in his responsive pleading as a defense.

---

[4] In addition to the cases noted previously, it had also been held that merely asking the court for the continuance of a hearing constituted a "general appearance" even where the party has filed a motion to quash service. (*In re Marriage of Smith* (1982) 135 Cal.App.3d 543, 548 [185 Cal.Rptr. 411].)

[5] Not all of these "defenses" would be classified as such in California, which generally restricts the term to substantive resistance to a complaint. Typical of "defenses" are lack of consideration, duress, privilege, and estoppel. (See 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, §§ 1015–1016, 1027, 1048, pp. 468–469, 476–477, 498.) Witkin does recognize lack of *subject matter* jurisdiction as a "defense," but says nothing about *personal* jurisdiction in this respect. (2 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 387, pp. 990–991.) The absence of cases reflecting the litigation of personal jurisdiction as a "defense" strongly suggests that the motion procedure established by section 418.10 has been understood to be exclusive.

■ But federal practice then diverges critically from that which has traditionally been followed in California. When a California defendant moves to quash service for lack of personal jurisdiction, the burden is on the plaintiff to establish jurisdiction by a preponderance of the evidence. (*School Dist. of Okaloosa County v. Superior Court* (1997) 58 Cal.App.4th 1126, 1131 [68 Cal.Rptr.2d 612].) By contrast, when a defendant in federal court raises the jurisdictional objection by motion, the plaintiff can defeat it with no more than a prima facie showing. (See *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez* (2d Cir. 1999) 171 F.3d 779, 785.) If the issue is actually *tried*, however, the federal court plaintiff bears a burden of proof similar to that applied in California. (See *Rano v. Sipa Press, Inc.* (9th Cir. 1993) 987 F.2d 580, 587.) Under this scheme, a defendant who unsuccessfully moves to dismiss at an early stage may raise the issue again at trial, when it will be reexamined in light of all the evidence and the plaintiff will bear the burden of proof. (See *Cutco Industries, Inc. v. Naughton* (2d Cir. 1986) 806 F.2d 361, 365.)

It should be apparent that federal practice with respect to challenges to personal jurisdiction is very different from established California procedure. With all due respect, it is difficult to see the advantage in a scheme which permits a defendant to withhold his jurisdictional challenge essentially until trial, and this matter may in fact be considered a "poster case" against such a scheme.[6] Defendants "buried" their jurisdictional challenge in the middle of literally dozens of mostly boilerplate "defenses." They proceeded to vigorously, and no doubt expensively, litigate the action, which generated the filing of numerous motions and many appearances, and twice proceeded to the point of setting a trial date. Only then did defendants bring their jurisdictional objection up for actual review and decision, thereby creating the very real possibility that much or even all of the previous activity would have been wasted.

In our view, by requiring that the issue of jurisdiction be raised and finally resolved at an early stage, California's historical approach serves the interests of all parties and of the courts. Accordingly, we are reluctant to attribute to the Legislature an intent to alter this sensible and effective procedure. It is necessary, however, to examine the new language of section 418.10, specifically subdivision (e)(3), and determine whether the omission of "answer"

---

[6] In fairness to the federal approach, we note that it may be that many cases involve relatively undisputed facts, so that lack of jurisdiction as a matter of law may often be promptly determined on an early motion. Although it places the burden of proof on plaintiff on a motion to quash service, California law allows the trial court to resolve factual issues on affidavits and declarations, without an actual evidentiary hearing. (*Mihlon v. Superior Court* (1985) 169 Cal.App.3d 703, 710 [215 Cal.Rptr. 442].)

from the latter subdivision does reflect a clear intention that lack of jurisdiction is not waived if asserted in the answer, even if no motion to dismiss is made at that time.

As noted above, it is clear that a defendant who demurs or moves to strike must concurrently move to quash or dismiss, or any jurisdictional defect is waived. Why did the Legislature not include an answer as one of the documents which must be accompanied by a motion to quash if the jurisdictional objection is to be preserved?

■ Relying on an unattributed scribble on a copy of the bill (presumably obtained from a legislative intent service),[7] Lucky Star suggests that the focus should not be on the document *omitted* from section 418.10, subdivision (e), but on the documents *included.* The reasoning is as follows: the subdivision begins by allowing a defendant to include a motion to quash along with a demurrer, motion to strike, or answer. However, a demurrer or motion to strike is typically filed *before* the answer, and an answer is only filed if the demurrer or motion to strike is unsuccessful. Section 418.10, subdivision (e)(3) merely cautions that à defendant who chooses to demur or move to strike must also move to quash; he cannot reserve the jurisdictional objection and later file it with his answer if his challenge to the pleadings fails.

We believe that this interpretation is correct and that the effect of section 418.10, subdivision (e)(3) is so limited. First, it avoids the startling consequence of establishing an entire set of new procedures sub silentio, as it were, and the implied invalidation of literally decades of established practice. Secondly, it serves the cause of judicial economy by confirming the defendant's obligation to raise the jurisdictional defect at the first possible instance, because all other objections become moot if the motion to quash is granted.

We are not persuaded by defendants' arguments to the contrary. The contention that judicial economy would in fact be served by a rule that would permit a defendant to withhold his jurisdictional challenge until he could confirm its validity through investigation is without merit. Of all issues, whether a state has personal jurisdiction over a defendant is the one most uniquely within his own knowledge. He knows where he lives and he knows what business he has done in the forum state. To the extent that discovery may be necessary, it is typically the plaintiff who needs to gather information

---

[7] This notation reads "No ans B/C may want to demur B/F answer." We do not, of course, take judicial notice of it as expressing any legislative intent. However, we are not precluded from following any logical analytical path suggested by the note.

supporting jurisdiction.[8] (See, e.g., *Goehring v. Superior Court* (1998) 62 Cal.App.4th 894, 911 [73 Cal.Rptr.2d 105].)[9]

Furthermore, the point that the Legislature specifically intended to preserve the jurisdictional objection for later determination is not well taken. Under the express provisions of section 418.10, subdivision (e), a challenge to personal jurisdiction *is* waived if a defendant demurs or moves to strike without concurrently moving to quash. This being so, it cannot be contended that the Legislature was particularly concerned to allow defendants additional time to study the issues of jurisdiction. We can see no reason why—as would be the result under defendants' position—defendants who answer without demurring or moving to strike would be the only defendants permitted to make a belated challenge to jurisdiction. This approach is not inconsistent with the evident legislative intent, stressed by defendants, to smooth over the "pitfalls for the unwary." Subdivision (e)(1) of section 418.10 protects a defendant who moves to quash by providing that *"no act"* by that party shall constitute a general appearance. Nothing could be clearer: a defendant may move to quash coupled with *any* other action without being deemed to have submitted to the court's jurisdiction. However, the motion to quash remains essential.

Our review of the legislative history materials has failed to uncover any reference to an intent to preserve a defendant's right to challenge personal jurisdiction through the time of trial. We do not accept defendants' argument that the references to conforming California practice with federal practice should be interpreted in such a way. Unlike federal rule 12(b), section 418.10 does not give the defendant an option to plead lack of jurisdiction as a defense and reserve determination of the issue until as late as trial. The statute continues to prescribe the motion to quash as the means of challenging personal jurisdiction and does not in any way imply the existence of an alternative. The defendant may move to quash and simultaneously file an answer containing affirmative defenses, but the latter is not a substitute for the former. The answer remains solely the vehicle by which a defendant may assert defenses to the action, not to jurisdiction. (See *Neihaus v. Superior Court* (1977) 69 Cal.App.3d 340, 345 [137 Cal.Rptr. 905].)

---

[8] And, as noted above, it is the plaintiff's burden in California to establish jurisdiction. A defendant who really needs additional time in which to support his motion may apply to the court for an extension. (§ 418.10, subd. (a): ". . . on or before the last day of his or her time to plead *or within any further time that the court may for good cause allow* . . . ." (Italics added.).)

[9] If a defendant does need to engage in such discovery, he may do so without being deemed to have made a general appearance. (See *Harding v. Harding* (2002) 99 Cal.App.4th 626, 636 [121 Cal.Rptr.2d 450].)

We recognize that the statutory language is not as clear as it might be, but we consider our construction compelled by long precedent and common sense.[10]

The trial court correctly denied the motion to quash. Accordingly, the petition for writ of mandate is denied. The stay of proceedings previously ordered is dissolved. Real party to recover its costs.

Richli, J., and Gaut, J., concurred.

---

[10] It is as well to note that, in our view, section 418.10, subdivision (e) is *not* crystal clear. Or, rather, it is crystal clear as to the effect of the failure to move to quash at the same time as a defendant demurs or moves to strike. However, because it omits to specify the effect of a failure to move to quash at the time a defendant answers, and because this omission is both unexplained and not susceptible of a ready explanation, we consider it ambiguous in this respect. Hence our focus on the legislative purpose.