[No. B182643. Second Dist., Div. One. July 29, 2005.]

FACTOR HEALTH MANAGEMENT et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
APEX THERAPEUTIC CARE, INC., et al., Real Parties in Interest.

248

COUNSEL

Gordon & Rees, H. Scott Sirlin; Paduano & Weintraub and Anthony Paduano for Petitioners.

No appearance for Respondent.

Alschuler Grossman Stein & Kahan, Mark A. Neubauer, Meredith M. Moss and Brooke H. Eisenhart for Real Parties in Interest.

OPINION

SPENCER, P. J.—

## INTRODUCTION

Factor Health Management, Robert Gardner and Donna Ligda, defendants in the action below, petition this court for a writ of mandate directing the trial court to vacate its order denying their motion to quash service of summons for lack of personal jurisdiction. They contend the trial court erred in finding that they made a general appearance in this action, waiving their challenge to jurisdiction.

We issued an order to show cause why a peremptory writ should not issue. Upon consideration of the matter, we disagree with petitioners' contention and deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

About January 13, 2005, real parties in interest Apex Therapeutic Care, Inc. (Apex) and eBiocare.com, Inc. (eBiocare) filed this complaint against petitioners Factor Health Management, (Factor), Robert Gardner (Gardner) and Donna Ligda (Ligda) for breach of fiduciary duty, misappropriation of

trade secrets, interference with prospective economic advantage, unfair competition, declaratory relief and injunctive relief. Apex and eBiocare alleged generally that Ligda formerly worked for them. During the course of her employment, she learned their trade secrets and had access to their employees and customers. After her employment with them terminated, Factor hired her. While employed by Factor, she and Gardner used the information obtained while in Apex's and eBiocare's employ to lure Apex's and eBiocare's employees and customers to Factor.

Apex and eBiocare also filed an ex parte application for a temporary restraining order and order to show cause for a preliminary injunction. Factor, Gardner and Ligda filed opposition to the ex parte application. On January 14, 2005, the trial court entered a temporary restraining order against Factor, Gardner and Ligda.

About January 24, 2005, Apex and eBiocare filed an ex parte application for early discovery, to shorten time on discovery and for a protective order. They sought to take Ligda's deposition, production of documents at her deposition and a protective order regarding disclosure of trade secrets and confidential information during discovery.

On January 25, 2005, Factor, Gardner and Ligda filed an ex parte application for an order setting the depositions of the affiants who supported Apex's and eBiocare's application for a temporary restraining order and order to show cause for a preliminary injunction. They claimed the depositions were necessary to enable them to respond to the order to show cause for the preliminary injunction.

On February 14, 2005, Factor, Gardner and Ligda filed their notice and motion to quash service of summons. The basis of this motion was a lack of personal jurisdiction. Apex and eBiocare opposed the motion.

On March 24, 2005, the trial court denied the motion to quash service of summons. It found that by filing the ex parte application for discovery, Factor, Gardner and Ligda sought affirmative relief and thus made a general appearance in the action. This waived their right to challenge personal jurisdiction. The court suggested they should have moved to quash service of summons on an expedited basis rather than sought discovery on issues related to the preliminary injunction.

## CONTENTION

Petitioners contend the trial court erred in denying their motion to quash service of summons, in that, pursuant to Code of Civil Procedure section

418.11, their ex parte application for discovery did not constitute a general appearance and a waiver of their right to claim jurisdictional defenses. For the reasons set forth, *post*, we disagree.

## DISCUSSION

■ A defendant submits to the court's jurisdiction by making a general appearance in an action. (*Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 341 [25 Cal.Rptr.3d 488].) A general appearance is one in which the defendant participates in the action in a manner which recognizes the court's jurisdiction. (*Mansour v. Superior Court* (1995) 38 Cal.App.4th 1750, 1756 [46 Cal.Rptr.2d 191].) If the defendant raises an issue for resolution or seeks relief available only if the court has jurisdiction over the defendant, then the appearance is a general one. (*Mansour, supra*, at pp. 1756–1757.) In general, propounding discovery constitutes a general appearance. (*Roy, supra*, at p. 341.)

Code of Civil Procedure section 418.11[1] provides that "[a]n appearance at a hearing at which ex parte relief is sought, or an appearance at a hearing for which an ex parte application for a provisional remedy is made, is not a general appearance and does not constitute a waiver of the right to make a motion [to quash service of summons based on lack of personal jurisdiction] under Section 418.10." Here, petitioners did more than appear at the hearing on real parties' ex parte application for a provisional remedy. They sought discovery in connection with the order to show cause for a preliminary injunction. The question is whether this action took them outside the protection of section 418.11.

■ A motion to quash under section 418.10 must be supported by evidence on the issue of the defendant's contacts with the state. (*School Dist. of Okaloosa County v. Superior Court* (1997) 58 Cal.App.4th 1126, 1131 [68 Cal.Rptr.2d 612].) The parties are thus permitted to conduct discovery on the issue prior to the hearing on the motion. (See *id.* at p. 1132.) The defendant's conduct of discovery on the jurisdictional issue, rather than the merits of the case, is not considered a general appearance in the action. (*Roy v. Superior Court, supra*, 127 Cal.App.4th at p. 345, fn. 9; see *Mansour v. Superior Court, supra*, 38 Cal.App.4th at p. 1757.)

We see no reason why the exception to the general rule concerning discovery should not extend to discovery propounded in connection with the opposition to an ex parte application for a provisional remedy. If a defendant is permitted to make a special appearance to oppose the ex parte application,

---

[1] All further section references are to the Code of Civil Procedure.

and discovery is required to obtain the evidence necessary to oppose the ex parte application, the defendant should be permitted to conduct such discovery without being considered to have made a general appearance in the action. To hold otherwise would render section 418.11 meaningless in cases where discovery was required to oppose an ex parte application for a provisional remedy.

In the instant case, however, petitioners did not seek discovery in connection with the ex parte application for a temporary restraining order. That order previously had been issued. The court had set a hearing on the order to show cause for a preliminary injunction. Rather than filing a motion to quash at that point, petitioners sought discovery to enable them to oppose the preliminary injunction.

■ An order to show cause for a preliminary injunction is not within the scope of section 418.11, which extends only to ex parte applications for provisional relief. This is because a motion for a preliminary injunction "involve[s] a determination related to the merits of the case." (*School Dist. of Okaloosa County v. Superior Court, supra,* 58 Cal.App.4th at p. 1133; *Kohn v. Superior Court* (1966) 239 Cal.App.2d 428, 430 [48 Cal.Rptr. 832].) Petitioners admit their conduct of discovery involved the merits of the case. It therefore constituted a general appearance in the action. (*Roy v. Superior Court, supra,* 127 Cal.App.4th at p. 345, fn. 9; see *Mansour v. Superior Court, supra,* 38 Cal.App.4th at p. 1757.)

Petitioners argue that, under section 418.10, subdivision (e)(1), their conduct of discovery did not constitute a general appearance. Subdivision (e) provides that "[a] defendant or cross-defendant may make a motion under [section 418.10] and simultaneously answer, demur, or move to strike the complaint or cross-complaint." Under paragraph (1) of subdivision (e), "no act by a party who makes a motion under this section, including filing an answer, demurrer, or motion to strike constitutes an appearance, unless the court denies the motion made under this section. . . ."

■ Paragraph (1) must be read in the context of subdivision (e) of section 418.10 (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; *California Mfrs. Assn. v. Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836]), which allows a defendant to file an answer or other document simultaneously with the motion to quash. This means that "a defendant may move to quash coupled with any other action without being deemed to have submitted to the court's jurisdiction." (*Roy v. Superior Court, supra,* 127 Cal.App.4th at p. 345, italics omitted.) It does not

mean that a defendant may take action which constitutes a general appearance and then negate the effect of that action by a subsequent motion to quash.[2]

 Petitioners filed the application for discovery prior to filing their motion to quash. They thus were not protected from making a general appearance by subdivision (e)(1) of section 418.10. Inasmuch as they made a general appearance in the action, the trial court properly denied their motion to quash. (*Roy v. Superior Court*, *supra*, 127 Cal.App.4th at p. 341.)

The petition for writ of mandate is denied. Real parties in interest to recover costs.

Vogel, J., and Mallano, J., concurred.

---

[2] We disagree with the statement in Weil and Brown, California Civil Procedure Before Trial (2005 supp.) Jurisdiction and Venue, section 3:165.1, page 3-45, that "[a]s long as the motion to quash is timely, earlier conduct (e.g., propounding discovery demands) does not waive lack of jurisdiction." (Italics omitted.) This statement is not supported by the quoted statement in *Roy v. Superior Court*, *supra*, 127 Cal.App.4th at page 345, on which it is based.