Filed 5/5/14  Wai Feng Trading Co. v. Superior Court CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| WAI FENG TRADING CO., LTD., | D064970 |
| Petitioner, | |
| v. | (San Diego County Super. Ct. No. 37-2012-00085412-CU-PO-CTL) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| THE PLUMBER'S CHOICE, | |
| Real Party in Interest. | |

PETITION for writ of mandate challenging an order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Relief granted.

Law Offices of Linda M. Libertucci, Sarah Yoseloff and Daniel Chang for Petitioners.

No appearance for Respondent.

Chapman Glucksman Dean Roeb & Barger and David A. Napper for Real Party in Interest.

Wai Feng Trading Co., Ltd., a Canadian limited company (Wai Feng), filed a petition for writ of mandate challenging an order denying its motion to quash service of the summons and cross-complaint by The Plumber's Choice, also known as The Plumber's Choice, Inc. (PC). Wai Feng contends the trial court erred by denying its motion to quash because: (1) there are insufficient grounds for the court to assert jurisdiction over it; (2) the evidence is insufficient to support the court's finding Wai Feng agreed to answer PC's cross-complaint against it; (3) even if it had agreed to answer that cross-complaint, that agreement did not constitute a waiver of its objections, or consent, to jurisdiction because Code of Civil Procedure[1] section 418.10, subdivision (e), allowed it to file an answer simultaneously with a motion to quash without making a general appearance; (4) PC's e-mail confirmation of discussions with Wai Feng did not show its consent to the court's jurisdiction over it; and (5) personal jurisdiction based on an oral representation would be contrary to public policy. Because section 418.10, subdivision (e), allows a party to simultaneously file an answer and a motion to quash without making a general appearance and thereby submitting to the jurisdiction of the court, we conclude the trial court erred by denying Wai Feng's motion to quash.

## FACTUAL AND PROCEDURAL BACKGROUND

State Farm General Insurance Company filed a subrogation action against David B. Littlefield, D.D.S., a dental corporation (DBL), and other defendants arising out of

---

[1] All statutory references are to the Code of Civil Procedure.

water damage to a property. DBL apparently filed a cross-complaint against PC, Wai Feng, and other cross-defendants.

On March 13, 2013, PC filed a cross-complaint against Wai Feng and other cross-defendants. On or about August 30, Wai Feng's counsel contacted PC's counsel and represented he would accept service of PC's cross-complaint against Wai Feng and respond by October 3.

On October 3, Wai Feng filed a motion to quash service of PC's summons and cross-complaint against it for lack of personal jurisdiction. PC opposed the motion, arguing Wai Feng's counsel had agreed to answer the cross-complaint. PC attached to its opposition a copy of an e-mail dated August 30, 2013, from PC's counsel to Wai Feng's counsel, stating:

> "Pursuant to our conversation yesterday and your message of today's date, please let this e-mail confirm that you have agreed to accept service of [PC's] Cross-Complaints filed against [Wai Feng] in the above matter. . . . [PC] agrees to provide you with 30 days from September 3, 2013[,] to answer [PC's] Cross-Complaints up to and including October 3, 2013. [¶] Please let me know immediately if you disagree with any of the foregoing."

Wai Feng filed its reply to PC's opposition. In support of its reply, Wai Feng submitted the declaration of its counsel, Charles Palmer, stating that "[a]t no time did I agree to waive Wai Feng's right to plead to this cross-complaint, and the date of October 3, 2013[,] was agreed upon as the date to respond to this Cross-Complaint as permitted by statute."

On November 8, 2013, the trial court issued a tentative ruling on Wai Feng's motion to quash. The court found PC had not met its burden to prove Wai Feng had

3

sufficient minimum contacts with California to justify the court's exercise of personal jurisdiction over it. However, based on the e-mail from PC's counsel to Wai Feng's counsel, the court found Wai Feng had agreed to answer PC's cross-complaint. As a result, the court tentatively denied Wai Feng's motion to quash. On November 13, after hearing arguments of counsel, the trial court issued an order denying Wai Feng's motion to quash. In so doing, the court confirmed its tentative ruling and further observed that section 418.10, subdivision (e), provides in part: "A defendant or cross-defendant may make a motion under this section and simultaneously answer, demur, or move to strike the complaint or cross-complaint. [¶] (1) . . . [N]o act by a party who makes a motion under this section, including filing an answer, demurrer, or motion to strike constitutes an appearance, unless the court denies the motion . . . ." The court noted that once a motion to quash is denied or writ proceedings challenging that denial have concluded, the actions taken by a defendant while the motion or writ proceeding was pending will be deemed to constitute a general appearance for purposes of jurisdiction over the defendant.

Wai Feng filed the instant petition for writ of mandate challenging the order denying its motion to quash. PC filed an informal response to the petition. We issued an order to show cause why the relief requested in the petition should not be granted. Because PC did not timely file an objection, we consider its informal response as its return to the order to show cause.

DISCUSSION

I

*Personal Jurisdiction and Section 418.10*

"[I]t has long been the rule in California that a party waives any objection to the court's exercise of personal jurisdiction when the party makes a general appearance in the action." (*Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 341 (*Roy*).) In general, an answer to a complaint is a general appearance. (*Ibid.*; § 1014.) Section 1014 provides in part: "A defendant appears in an action when the defendant answers . . . ."

"Section 418.10 governs the procedure for making a motion to quash service or dismiss or stay an action on the basis of lack of jurisdiction or inconvenient forum." (*Roy*, *supra*, 127 Cal.App.4th at p. 341.) Section 418.10, subdivision (a), provides:

> "A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes: [¶] (1) To quash service of summons on the ground of lack of jurisdiction of the court over him or her. . . ."

In 2002, subdivision (e) was added to section 418.10, providing:

> "*A defendant or cross-defendant may make a motion under this section and simultaneously answer*, demur, or move to strike the complaint or cross-complaint.
>
> "(1) Notwithstanding Section 1014, *no act by a party who makes a motion under this section, including filing an answer*, demurrer, or motion to strike *constitutes an appearance*, unless the court denies the motion made under this section. If the court denies the motion made under this section, the defendant or cross-defendant is not deemed to have generally appeared until entry of the order denying the motion.

5

"(2)  If the motion made under this section is denied and the defendant or cross-defendant petitions for a writ of mandate pursuant to subdivision (c), the defendant or cross-defendant is not deemed to have generally appeared until the proceedings on the writ petition have finally concluded.

"(3)  Failure to make a motion under this section at the time of filing a demurrer or motion to strike constitutes a waiver of the issues of lack of personal jurisdiction, inadequacy of process, inadequacy of service of process, inconvenient forum, and delay in prosecution."  (Italics added.)

Therefore, to the extent a cross-defendant files a motion to quash simultaneously with filing an answer or before denial of that motion is final, it has not generally appeared in the action for purposes of personal jurisdiction.  (§ 418.10, subd. (e)(1); *Air Machine Com SRL v. Superior Court* (2010) 186 Cal.App.4th 414, 417, 426-428 [no general appearance by defendant that filed motion to quash and then served a section 998 offer on plaintiff while motion was pending].)  To that extent, section 418.10, subdivision (e), "abolishes the old rule" set forth in section 1014.  (*Roy*, *supra*, 127 Cal.App.4th at p. 341.)  Under section 418.10, subdivision (e), "a defendant may move to quash coupled with *any* other action without being deemed to have submitted to the court's jurisdiction. However, the motion to quash remains essential."  (*Roy,* at p. 345.)  "If . . . a party files a motion [to quash] before or simultaneously with an act that would otherwise constitute a general appearance [e.g., filing an answer], under subdivision (e) of section 418.10 that party will *not* be deemed to have 'generally appeared' in the action, but instead will be deemed to have 'specially appeared' and not waived the party's jurisdictional challenge."  (*Air Machine*, at p. 426.)

6

## II

### *Effect of Wai Feng's Purported Agreement to Answer*

Wai Feng contends the trial court erred by finding its purported agreement to answer PC's cross-complaint, in effect, constituted a waiver of its objections, or consent, to the court's jurisdiction over it. Wai Feng asserts that even had it agreed to answer the cross-complaint, section 418.10, subdivision (e), allowed it to file an answer simultaneously with a motion to quash, or before a decision on its motion is final, without making a general appearance; therefore, any agreement by it to answer cannot be deemed a waiver of its right to file a motion to quash or otherwise challenge the court's jurisdiction over it. In response, PC argues, in a conclusory manner, Wai Feng's agreement to answer the cross-complaint constituted a waiver of its right to file a motion to quash, despite the provisions of section 418.10, subdivision (e).

Based on our application of section 418.10, subdivision (e), to the evidence in this case, we conclude Wai Feng did not waive, either implicitly or expressly, its objections or consent to the court's jurisdiction over it. Assuming arguendo Wai Feng agreed to file an answer, it cannot reasonably be inferred from that agreement that it also agreed to waive its objections or consented to the court's jurisdiction over it. As discussed above, section 418.10, subdivision (e), allows a cross-defendant to simultaneously file an answer and a motion to quash without those actions constituting a general appearance for purposes of personal jurisdiction. (§ 418.10, subd. (e)(1); *Air Machine Com SRL v. Superior Court, supra*, 186 Cal.App.4th at pp. 417, 426-428; *Roy, supra*, 127 Cal.App.4th at p. 345.) Under section 418.10, subdivision (e), "a [cross-]defendant may

7

move to quash coupled with *any* other action [e.g., filing an answer] without being deemed to have submitted to the court's jurisdiction." (*Roy*, at p. 345.) Therefore, absent an express waiver by a cross-defendant of its right to file a motion to quash or its express consent to jurisdiction, any agreement to file an answer cannot be deemed to constitute an implied waiver by the cross-defendant of its objections or consent to the court's jurisdiction over it.

Based on our review of the record in this case, there is no evidence showing Wai Feng expressly consented to the court's jurisdiction or expressly waived its right to file a motion to quash. Therefore, we conclude the trial court erred by finding Wai Feng's purported agreement to answer PC's cross-complaint, in effect, constituted a waiver of its objections or consent to the court's jurisdiction over it.[2] Because the trial court found PC had not carried its burden to prove Wai Feng had sufficient minimum contacts with California to justify the court's exercise of personal jurisdiction over it, the trial court should have granted the motion to quash. We therefore grant the relief and will issue a writ directing the court to vacate its order denying the motion and issue a new order granting that motion.

---

[2]     Without citation to supporting evidence or substantive analysis of the facts and law, PC argues the "time had passed for [Wai Feng] to file any potentially dispositive pleading." We are not persuaded by PC's conclusory argument. In any event, the trial court expressly found PC had not carried its burden to prove Wai Feng had sufficient minimum contacts with California to justify the court's exercise of personal jurisdiction over it. Therefore, PC has not shown the statutory 30-day period for filing an answer expired by the time Wai Feng filed its motion to quash. (See § 432.10.)

III

*Consent to Court's Jurisdiction*

Wai Feng contends the trial court also erred by implicitly finding its purported agreement to answer the cross-complaint constituted its consent to the court's jurisdiction over it. Wai Feng asserts PC's e-mail confirmation of discussions with it did not show its consent to the court's jurisdiction. That e-mail stated in pertinent part:

> "[P]lease let this e-mail confirm that you have agreed to accept service of [PC's] Cross-Complaints filed against [Wai Feng] in the above matter. . . . [PC] agrees to provide you with 30 days from September 3, 2013[,] to answer [PC's] Cross-Complaints up to and including October 3, 2013. [¶] Please let me know immediately if you disagree with any of the foregoing."

There is no language in that e-mail dealing with the court's jurisdiction over Wai Feng, much less its consent to jurisdiction. Contrary to PC's apparent assertion, the e-mail does not support a reasonable inference that Wai Feng consented, either implicitly or expressly, to the court's jurisdiction over it. To the extent the trial court found otherwise, it erred.

IV

*Remaining Contentions*

Because we dispose of the petition on the above grounds, we need not, and do not, address Wai Feng's remaining contentions.

DISPOSITION

Let a writ issue directing the trial court to vacate its order of November 13, 2013, denying the motion to quash service and issue a new order granting that motion.

9

Petitioner shall recover its costs in the writ proceeding.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)  This opinion shall be final as to this court on May15, 2014.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)


                                                          McDONALD, J.

WE CONCUR:


NARES, Acting P. J.


IRION, J.