Filed 5/11/15  Marriage of Vallo and Dudley CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re the Marriage of SHERYL VALLO and CARL ANTHONY DUDLEY. | |
| SHERYL VALLO, Appellant, v. CARL ANTHONY DUDLEY, Respondent. | E060506 (Super.Ct.No. FAMRS1203359) OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Knish, Judge.  Affirmed.

Sheryl Vallo, in pro. per., for Appellant.

Carl A. Dudley, in pro. per., for Respondent.

I

INTRODUCTION

Petitioner and appellant Sheryl Vallo, a California resident, appeals from an order

1

of the family court entered on November 26, 2013, finding the court had no personal jurisdiction over respondent Carl Anthony Dudley, a resident of the District of Columbia. (Code Civ. Proc., § 904.1, subd. (a).)

Both parties are representing themselves on appeal. No reporter's transcript has been submitted as part of the appellate record. Based on our review of the clerk's transcript and the parties' nonconforming appellate briefs, we affirm the family court's order.

II

FACTUAL AND PROCEDURAL BACKGROUND

The facts as presented in the record are mostly undisputed although the parties try to characterize them differently. The case involves multiple family law proceedings filed in Maryland, the District of Columbia, and San Bernardino County between 2010 and 2013.

The duration of the parties' marriage was from June 1988 until the date of separation, August 1, 2008. One minor child, J.D., was born in August 1998. Vallo had filed for divorce in Maryland in 2010 but dismissed the action on the day of trial in September 2011.

Vallo filed another family law proceeding in San Bernardino County in September 2011, which was dismissed in January 2012 after the court granted Dudley's motion to dismiss for lack of personal jurisdiction and because Maryland was the child's home state. (*Sheryl Vallo v. Carl Dudley* (Super. Ct. San Bernardino County, No.

2

FAMRS1103241).)  Vallo was awarded sole legal and physical custody of the child in another San Bernardino case in 2012.  (*Sheryl Vallo v. Carl Dudley* (Super. Ct. San Bernardino County, No. FAMRS1200634).)

In April 2012, Dudley filed a Maryland divorce action which was dismissed in October 2012 for lack of service.  In June 2012, Vallo had unsuccessfully sought a Maryland contempt order against Dudley.  At the same time she had refused to accept service of the Maryland complaint.

In August 2012, Vallo filed a petition for child support in the District of Columbia.  In September 2012, the District of Columbia court ordered Dudley to pay child support and proposed that he file a divorce action in that court.  Vallo agreed to accept service of the complaint, although she now contends her understanding was impaired by diabetes-related hypoglycemia at the time.  In January 2013, Dudley filed a divorce action in the District of Columbia but it was ultimately dismissed for lack of jurisdiction over Vallo.

Meanwhile, in November 2012, Vallo filed this case, another petition for dissolution of marriage in San Bernardino County. The UCCJEA[1] declaration listed the addresses for J.D. as Maryland from June 2007 to June 2011 and Chino, California from July 2011 to November 2012.  California was the child's home state.

---

[1] Uniform Child Custody Jurisdiction and Enforcement Act, Family Code section 3400 et seq.

In December 2012, Dudley, specially appearing, filed a motion to dismiss the San Bernardino petition on the grounds of inconvenient forum and judicial estoppel. In her response, Vallo disagreed that she had agreed to litigate the divorce in any jurisdiction other than California and she asserted that California was the home state for J.D. and the most appropriate forum because of Vallo's medical problems.

In January 2013, Vallo, still acting in propria persona, filed a request for attorney's fees of $15,000 and costs of $5,000, for anticipated expenses. The hearing dates for Dudley and Vallo's motions were continued to April 3, 2013. Dudley filed another divorce complaint in the District of Columbia on April 1, 2013, but it was again dismissed for lack of jurisdiction over Vallo.

Dudley did not appear for the hearing on April 3, 2013, and the court took his motion off calendar. The court ordered Dudley to pay $5,000 for attorney's fees to Vallo. On May 22, 2013, the court reinstated Dudley's motion. Dudley argued that the California court had no jurisdiction, he had made a special appearance, and Maryland was the more convenient forum. Vallo argued that Dudley had made a general appearance and California was the appropriate forum.

After taking Dudley's motion under submission, the court ruled, the "motion to dismiss on the grounds of inconvenient forum is denied with prejudice. Petitioner and the minor child live in California. Neither party lives in Maryland, and the District of Columbia court has twice found itself to lack personal jurisdiction to hear this matter. Moreover, respondent's residence is volatile, and he has even lived outside of the

4

country. Based on all this, not only is California the most convenient forum, it is seemingly the only possible forum for petitioner to litigate the divorce.

"Respondent's motion to dismiss for lack of personal jurisdiction is denied in part. The court does have jurisdiction to grant dissolution status, for which personal jurisdiction over the respondent is not required, and to decide child custody issues, as California is the home state of the minor child." The court reserved ruling on attorney's fees, spousal and child support, and the issues of personal jurisdiction and the division of property.

Dudley filed a declaration asserting that he was never a California resident and he was living in Washington, D.C. He had not consented to California jurisdiction. He was paying monthly child support of $700 as ordered by the Maryland court. He believed Vallo was forum shopping, seeking to receive an award of lifetime spousal support from a California court and an additional three years of child support (until age 21) from a District of Columbia court.

The court's final ruling found no personal jurisdiction to make orders for spousal support or attorney's fees because Dudley was never domiciled in California or personally served and he lacked minimum contacts. The court denied Vallo's request for spousal support and attorney's fees. Vallo appeals from this order.

III

DISCUSSION

At the outset, we emphasize that Dudley has never been personally served by

5

Vallo in California. Therefore, her reliance on Code of Civil Procedure section 418.10 is inapt. That code section applies when a defendant has been served and seeks to quash service or stay or dismiss the action "on or before the last day of his or her time to plead." Dudley was not served and the time limitations of section 418.10 did not affect his ability to make a special appearance and file a motion to dismiss based on lack of personal jurisdiction.

The case of *Roy v. Superior Court* (2005) 127 Cal.App.4th 337, cited by Vallo, also has no bearing on this case because *Roy* involved defendants who tried to challenge personal jurisdiction after they had made a general appearance by filing an answer and participating in litigation. Dudley has never filed a response to Vallo's petition for dissolution. Instead, his only participation has been an ongoing special appearance to challenge jurisdiction.

Jurisdiction in a family law case involves three independent jurisdictional requirements: jurisdiction over the subject matter; jurisdiction over the marriage; and personal jurisdiction over the parties. (*Muckle v. Superior Court* (2002) 102 Cal.App.4th 218, 225; see *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1225.)

The superior court has subject matter jurisdiction over marital dissolutions. (Fam. Code, §§ 200, 2000 et seq.) The scope of jurisdiction includes spousal support and attorney's fees. (Fam. Code, § 2010.) When there is a nonresident spouse or a preexisting out-of-state support order, a California court can exercise jurisdiction to establish, enforce or modify support orders only if consistent with the Uniform Interstate

6

Family Support Act.  (UIFSA, Fam. Code, § 4900.)  However, when there is no out-of-state support proceeding or support order, the UIFSA has no application.  Here there were no existing orders for spousal support or attorney's fees and no personal jurisdiction to allow the California court to make such orders.

The exercise of personal jurisdiction is ultimately limited by substantive and procedural due process concerns.  The forum court must have an adequate basis for the exercise of personal jurisdiction.  (*Burnham v. Superior Court of Cal.* (1990) 495 U.S. 604, 609; *County of San Diego v. Gorham, supra,* 186 Cal.App.4th at p. 1227.)  Traditional notions of fair play and substantial justice permit the exercise of personal jurisdiction on the basis of either:  1) physical presence in the forum state when personally served with process, 2) domicile in the forum state at the time suit is commenced, 3) consent to the exercise of personal jurisdiction, or 4) minimum contacts with the forum state.  (*Burnham,* at pp. 610-611; *Muckle v. Superior Court, supra,* 102 Cal.App.4th at p. 226.)  Dudley was not personally served or domiciled in California and he had no minimum contacts.

A nonresident respondent may consent to personal jurisdiction by making a general appearance in the action.  (*In re Vanessa Q.* (2010) 187 Cal.App.4th 128, 135; *In re Marriage of Jacobsen* (2004) 121 Cal.App.4th 1187, 1192; *In re Marriage of Aron* (1990) 224 Cal.App.3d 1086, 1095.)  However, consent to personal jurisdiction cannot be based on a motion to dismiss for lack of personal jurisdiction.  Dudley did not consent to jurisdiction when he specially appeared in order to challenge jurisdiction.  (Code Civ.

7

Proc., § 418.11; Fam. Code, § 2012; *In re Marriage of Fitzgerald & King* (1995) 39 Cal.App.4th 1419, 1429-1430.)

IV

DISPOSITION

Although the parties would benefit by agreeing to a state having jurisdiction for their divorce, the California court lacks personal jurisdiction over Dudley. We affirm the trial court's order denying Vallo's request for spousal support and attorney's fees. The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:

<u>HOLLENHORST</u>
Acting P. J.

<u>MILLER</u>
J.