Filed 09/30/24  J.C. v. J.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| J.C., | C098706 |
| Plaintiff and Respondent, | (Super. Ct. No. 34202170010014CUHRGDS) |
| v. | |
| J.S., | |
| Defendant and Appellant. | |

J.C. (Neighbor A) obtained a civil harassment restraining order against her next-door neighbor J.S. (Neighbor B).  Neighbor B appeals the order on two grounds:  (1) the trial court lacked personal jurisdiction over him and (2) insufficient evidence supports the order.  Given the state of the record presented, we must disagree with Neighbor B and affirm.  Statutory references are to the Code of Civil Procedure.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Because we have no reporter's transcript or proper substitute (see Cal. Rules of Court, rules 8.134, 8.137), we derive the following background from the clerk's transcript.

In November 2021, Neighbor A filed a request for civil harassment restraining order against Neighbor B (CT 6) alleging as follows: (1) Neighbor B shined a bright light into Neighbor A's bedroom window on two occasions, the first time for 15 minutes, and the second for 40 minutes while Neighbor A was sleeping; (2) Neighbor B kicked down the fence between their properties, as documented on Neighbor A's security camera; (3) Neighbor B harassed anyone outside Neighbor A's home by flipping them off, screaming, and calling them foul names; (4) Neighbor B vandalized Neighbor A's fence and landscaping; (5) Neighbor B trespassed on Neighbor A's property; and (6) Neighbor A was afraid for her safety and the safety of those who take care of her.

Neighbor A also alleged that she previously sought a criminal protective order against Neighbor B, that she dropped that request in exchange for Neighbor B attending anger management classes, and that Neighbor B violated the agreement and resumed harassing Neighbor A.

The court issued a temporary restraining order and set a hearing for the following month. Due to Neighbor A's inability to serve Neighbor B, the hearing was continued to January 14, 2022 (the January 14 hearing). The day before the January 14 hearing, Neighbor A's counsel filed a declaration in support of an alternative method to personal service. The declaration asserted that five unsuccessful attempts were made to serve Neighbor B and that security video footage taken from Neighbor A's house provided reason to believe Neighbor B was evading service of process.

At the January 14 hearing, the matter was continued to March 11, 2022 (the March 11 hearing) due to lack of proof of service. The minute order for the January 14 hearing required Neighbor A to serve the minute order personally on Neighbor B. On January

2

28, 2022, the trial court issued an amended minute order requiring Neighbor A to serve the minute order on Neighbor B by mail. On February 7, 2022, Neighbor A's counsel filed a proof of service stating that he served the restraining order documents on Neighbor B by placing them in a visible location at his address and placing the same documents in a sealed envelope and mailing them to the same address.

At the March 11 hearing, the matter was again continued, this time to March 25, 2022, and at Neighbor B's request. On March 25, 2022, Neighbor B filed a motion to disqualify the judge hearing the matter (§ 170.6), which resulted in the hearing being continued to April 22, 2022. On April 22, 2022, the matter was again continued. The minute order indicates the continuance was due to lack of proof of service. The matter was thereafter twice continued for a long cause hearing. (See Cal. Rules of Court, rule 3.735(a); Super. Ct. Sacramento County, Local Rules, rule 2.88(B).)

About one month before the long cause hearing, Neighbor A's counsel filed a declaration asserting that at the January 14 hearing, the court authorized, and counsel accomplished, service of the petition by posting and mailing. Neighbor B's counsel filed a reply to the declaration, contending Neighbor A lacked sufficient basis for alternative method of service, the trial court never granted an alternative method of service, and Neighbor B was never personally served.

The matter proceeded to long cause hearing held on September 2, 2022, and February 27, 2023. Neighbor A, Neighbor B, and one family member testified on behalf of each neighbor, and five exhibits were admitted into evidence on Neighbor B's behalf. Neighbor A's counsel personally served the restraining order documents on Neighbor B at the September 2, 2022 hearing.

Following the long cause hearing, the court granted Neighbor A a three-year protective order from Neighbor B, expiring April 28, 2026. The order requires Neighbor B to stay at least two yards away from Neighbor A, prohibits Neighbor B from harassing or contacting Neighbor A, and prohibits Neighbor B from entering Neighbor A's

3

property or causing anything to enter the property, including intentionally shining lights on Neighbor A's property. Neighbor B timely appealed from the order.

DISCUSSION

I

*Personal Jurisdiction*

Neighbor B contends the order is void because he was not properly served with the required documents and, as a result, the trial court lacked personal jurisdiction over him. Neighbor A contends Neighbor B waived service of process by making a general appearance. Alternatively, Neighbor A contends Neighbor B was properly served under section 527.6, subdivision (m)(2), which authorizes the court to prescribe an alternative to personal service if the petitioner has been unable to accomplish personal service and there is reason to believe the respondent is evading service. We agree with Neighbor A that Neighbor B submitted to the court's jurisdiction and need not address her alternative contention.

Two rules lead us to reject Neighbor B's jurisdictional contentions: (1) "a party waives any objection to the court's exercise of personal jurisdiction when the party makes a general appearance in the action" (*Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 341; see § 410.50, subd. (a) [general appearance by a party equivalent to personal service of summons]); and (2) "to be successful on appeal, an appellant must be able to affirmatively demonstrate error on the record before the court. ' " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " ' " (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 822).

The record shows that Neighbor B participated in a trial on the merits of Neighbor A's claim, did not limit his participation to jurisdictional matters, and did not file a motion to quash service of process under section 418.10. Such conduct constituted a

4

general appearance.  (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52; see *Roy v. Superior Court, supra*, 127 Cal.App.4th at p. 345 [motion to quash is essential].)  Neighbor B's view that the trial court forced him to make a general appearance is not supported by the clerk's transcript and the record contains no reporter's transcript or proper substitute describing the trial proceedings.  We also note that Neighbor B did not file a writ of mandate to require the trial court to quash service.  (§ 418.10, subd. (c).)  On this record, we must presume Neighbor B submitted to the court's jurisdiction by making a general appearance at trial.  (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 5, 8.)

II

*Sufficiency of Evidence*

Neighbor B contends there is insufficient evidence to support the restraining order.  This contention also fails based on the record provided.

As explained, a trial court judgment is ordinarily presumed to be correct, and the burden is on the appellant to demonstrate that the trial court committed an error that justifies reversal of the judgment based on the record presented.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)  " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' "  (*Id*. at p. 609.)  On a clerk's transcript appeal, " 'the appellate court must conclusively presume that the evidence is ample to sustain the [trial court's] findings.' "  (*Diamond View Limited v. Herz* (1986) 180 Cal.App.3d 612, 615, fn. 2.)  In those cases, the " 'question of the sufficiency of the evidence to support the findings is not open.' "  (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.)

These rules are fatal to Neighbor B's sufficiency of evidence claim because he has not provided a reporter's transcript or proper substitute that would permit us to consider his arguments.  Without such a record, we cannot evaluate the evidence that was presented to the trial court, and we must assume that Neighbor A offered testimony that

would support the issuance of the restraining order over Neighbor B's contrary testimony and evidence.

DISPOSITION

The civil harassment restraining order is affirmed.  Neighbor A is entitled to her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                           /s/_____
                                           MESIWALA, J.


We concur:


/s/_____
EARL, P. J.


/s/_____
MAURO, J.