Filed 6/16/14  Bouchard v. Super. Ct. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| TRACY BOUCHARD,<br><br>      Petitioner,<br><br>      v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>      Respondent.<br>_____<br><br>MARK ELLISON GLOVER,<br><br>      Real Party in Interest. | B251658<br><br>(Los Angeles County<br>Super. Ct. No. BC408557) |

ORIGINAL PROCEEDINGS in mandate.  Ralph W. Dau, Judge.  Petition granted.

Greenberg Traurig, Mark E. Ferrario, and Tyler R. Andrews for Petitioner.

No appearance by Respondent.

Burke Molina and Gregory M. Burke for Real Party in Interest.

_____

Mark Ellison Glover sued National Title Company, an escrow company based in Las Vegas, Nevada, and Tracy Bouchard, president of National Title and a Nevada resident, in connection with an unsuccessful real estate investment in Nevada. After Bouchard moved to quash service of summons for lack of personal jurisdiction and improper service but before the matter was heard, Glover agreed to voluntarily dismiss Bouchard from the action. Although Bouchard was initially dismissed as agreed, Glover again named him as a defendant in a first amended complaint, then took Bouchard's default and obtained a default judgment for nearly $800,000 without proper notice to Bouchard or his counsel. On September 18, 2013 respondent Los Angeles Superior Court granted Bouchard's motion to set aside his default and to vacate the default judgment but denied Bouchard's motion to dismiss him from the lawsuit for lack of personal jurisdiction on the ground Bouchard had waived this objection by joining his motion challenging jurisdiction with his request for relief from the default and default judgment.

Because the court's ruling directly conflicts with Code of Civil Procedure section 418.10, subdivision (d),[1] which provides no motion to set aside a default under sections 473, subdivision (d), or 473.5 shall be deemed a general appearance when joined with a motion to quash service of summons for lack of personal jurisdiction, and because none of Bouchard's other acts in connection with Glover's lawsuit constituted a general appearance or otherwise forfeited Bouchard's right to challenge the court's jurisdiction over him, we grant Bouchard's petition and issue a writ of mandate to the superior court directing it to vacate that part of its September 18, 2013 order denying the motion to dismiss for lack of personal jurisdiction and to consider and rule on the merits of the motion.

---

[1] Statutory references are to the Code of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Bouchard's Initial Challenge to the Superior Court's Jurisdiction*

Glover sued a number of parties including National Title in February 2009 for fraud, breach of fiduciary duty, unfair business practices and the unlawful sale of unregistered securities relating to high-risk real estate investments in Las Vegas involving residential mortgages.[2]  Bouchard, National Title's president, in his individual capacity, was added to the complaint in place of a Doe defendant in June 2009.

On April 8, 2010 Bouchard, specially appearing in the action, moved to quash service of summons for lack of sufficient service of process and lack of personal jurisdiction.  In a declaration filed in support of the motion, Bouchard averred National Title was only licensed to conduct business in Clark County, Nevada, and all of his work for National Title had taken place solely in Clark County, Nevada.  Bouchard further declared he had not travelled to California to conduct business and had only travelled occasionally here for vacations, usually with his family.  He owned no real or personal property in California and had no bank accounts or other business, personal or financial contacts with the state sufficient to subject him to the court's jurisdiction.  Bouchard also explained the only purported service of the summons and complaint in the Glover lawsuit

---

[2]    We based our factual description on information contained in Bouchard's verified petition for writ of mandate.  Although Glover filed two opposition memoranda in response to Bouchard's petition, he elected not to file a written return as directed by this court after we issued an alternative writ and respondent superior court declined to vacate its September 18, 2013 order and consider the motion to dismiss for lack of personal jurisdiction on the merits.  Because Glover's memoranda are neither a demurrer nor a verified answer, they do not effectively deny any of the factual allegations in the petition, which are accepted as true.  (See *Caliber Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365, 372, fn. 5; *Shaffer v. Superior Court* (1995) 33 Cal.App.4th 993, 996, fn. 2; see generally Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2013) ¶ 15.226.1, p. 15-96.14 (rev. #1 2013) ["The failure to file a proper return is not the equivalent of a 'default'; the court will still decide the petition on its merits.  [Citation.] [¶]  However, an attempted response that falls short of a demurrer or verified answer (as required by [Cal. Rules of Court, rule] 8.487(b)(1))—e.g., a document consisting only of a memorandum discussing relevant points and authorities— is *not* a 'return' and is not effective to deny the facts alleged in the writ petition."].)

3

was made by leaving an envelope with his name on it on the receptionist's desk at National Title.[3]

Before the motion was heard, Glover's counsel contacted the law firm that had filed the motion and notified it that Glover did not wish to contest the issue of the California court's jurisdiction over Bouchard. (The same counsel had previously lost a substantially identical jurisdiction motion involving Bouchard in a lawsuit filed on behalf of another disgruntled Nevada real estate investor.) Glover agreed to voluntarily dismiss Bouchard without prejudice. On May 7, 2010 the dismissal was entered as requested.

2. *The Amended Complaints, Entry of a Default Judgment and Bouchard's Motion To Vacate the Default Judgment and Renewed Motion To Dismiss for Lack of Personal Jurisdiction*

On September 14, 2010 Glover filed a first amended complaint that again named Bouchard as a defendant and alleged he had participated in the fraudulent investment scheme at issue in the pleading. On January 13, 2011 Glover filed a request for entry of Bouchard's default. The document stated it had been mailed to Bouchard c/o National Title at the company's Las Vegas address on "W. Lake Blvd." (The company is located at West Lake Mead Boulevard in Las Vegas.) Bouchard denies he was ever served with the request for entry of default, and it is undisputed his counsel was not served as required by section 587. The default was entered as requested the same day.

After the court had sustained National Title's demurrer with leave to amend, Glover filed a second amended complaint on February 14, 2011. On June 2, 2011 National Title's demurrer to the second amended complaint was sustained without leave to amend, and National Title was dismissed from the action with prejudice.

On March 20, 2012, more than a year after entry of Bouchard's default and nine months after National Tile had been dismissed from the lawsuit, Glover filed a request

---

[3]     As the superior court explained in its September 18, 2013 order, whether or not this constituted effective substituted service, Bouchard was not identified in the original summons issued when the lawsuit was filed since he was not initially named as a defendant; and Glover never obtained an amended summons that could properly be served on Bouchard.

for court judgment against Bouchard in the sum of $788,797.66. Although the January 13, 2011 default was entered based on Bouchard's failure to respond to the first amended complaint, the request for court judgment identified the operative pleading as the original complaint filed on February 27, 2009. As was the request for entry of default, the request for court judgment was purportedly served by mail on Bouchard in care of National Title's business address in Las Vegas. Bouchard has denied he was ever served with this document, and it is undisputed his counsel was not served with the request for court judgment as required by section 587. A judgment by court after default was entered on March 20, 2012.

On February 15, 2013 Glover filed an application for registration and entry of a foreign judgment in the district court of Clark County, Nevada. Counsel for Bouchard filed an emergency motion to vacate foreign judgment on shortened time. Following a hearing the Nevada court on March 19, 2013 granted the motion to vacate, denied with prejudice the application for entry of foreign judgment filed by Glover and ordered Glover and his counsel to take no steps to enforce, collect, record or otherwise act upon the default judgment in any manner.

Immediately after obtaining relief in the Nevada court, on March 27, 2013 National Title filed an ex parte application in Los Angeles Superior Court to set aside the default and vacate the judgment after default entered against Bouchard pursuant to sections 473, subdivision (d), and 473.5. The ex parte application also included a request for sanctions pursuant to sections 128.5 and 128.7. Although the application did not expressly request dismissal of the action for lack of personal jurisdiction over Bouchard, a copy of the April 8, 2010 motion to quash was attached as an exhibit; and the memorandum of points and authorities argued Bouchard had been dismissed from the action while that motion was pending and "is not subject to personal jurisdiction in California." On April 12, 2013, after the lawsuit was transferred to a different department, Bouchard filed an updated ex parte application for an order setting aside the default and vacating the judgment pursuant to sections 473, subdivision (d), and 473.5 and a request for sanctions. Bouchard's application again attached as an exhibit a copy of

5

the motion to quash, which had been taken off-calendar when Glover agreed to dismiss Bouchard from the lawsuit; continued to maintain the court lacked personal jurisdiction over him; and argued the default and default judgment were void for that reason, among others.

The court denied the ex parte application, ruling Bouchard was required to file a noticed motion. On April 18, 2013 Bouchard filed a noticed motion to set aside the default, vacate the default judgment and dismiss for lack of jurisdiction and for appropriate sanctions. Glover filed an opposition in which he argued, in part, Bouchard had made a general appearance in the case by seeking ex parte relief from the default and default judgment and requesting imposition of sanctions pursuant to section 128.7. He also responded to the merits of Bouchard's jurisdiction motion, arguing Bouchard was subject to personal jurisdiction in California because he and his coconspirators had targeted California residents as victims in the fraudulent real estate investment scheme.

3. *The Superior Court's Finding Bouchard Had Generally Appeared*

The court heard oral argument on Bouchard's motion on May 15, 2013. After taking the matter under submission, on August 22, 2013 the court requested supplemental briefing on the validity of the default and default judgment.

On September 18, 2013 the court granted the motion to vacate the default of Bouchard, filed January 13, 2011, and the judgment after default, filed March 20, 2012, pursuant to section 473, subdivision (d). The court denied the motion to dismiss for lack of personal jurisdiction, finding Bouchard had waived that defense: "In joining his jurisdictional motion with one that recognizes the court's authority to set aside his default, Bouchard has waived objection to personal jurisdiction, and the court need not consider his arguments on that front."

6

4. *Bouchard's Petition for Writ of Mandate*

On October 3, 2013 Bouchard petitioned this court for a writ of mandate directing respondent superior court to vacate its ruling that he had generally appeared and to consider and rule on the merits of his motion to dismiss for lack of personal jurisdiction. We requested that Glover file an opposition. Instead, Glover filed a document entitled "joinder in the petition for writ of mandate," which not only responded to Bouchard's petition but also sought affirmative writ relief directing the superior court to enter an order upholding the default judgment he had obtained. We struck the portion of the document requesting affirmative writ relief and deemed the remainder an opposition to the petition. On October 17, 2013 we issued an order notifying the parties we were considering issuance of a peremptory writ of mandate in the first instance in this matter (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171), granting the relief requested. Glover, as real party in interest, was given leave to serve and file additional opposition.

After Glover filed a further opposition, we issued an alternative writ of mandate on November 6, 2013, commanding respondent superior court to either vacate the part of its order denying Bouchard's motion to dismiss for lack of personal jurisdiction and to consider and rule on the merits of the motion or to show cause why a peremptory writ of mandate requiring the court to do so should not issue. In the event the superior court did not vacate its order, we directed Glover to file a written return to our alternative writ.

Bouchard notified us in a status report that the court had neither vacated the challenged portion of its September 18, 2013 order nor ruled on the merits of Bouchard's motion to dismiss for lack of personal jurisdiction. Glover wrote this court and advised us he was "submitting on the briefs filed." No written return was filed.

7

**DISCUSSION**

1. *Governing Law*

"It has long been the rule in California that 'a party waives any objection to the court's exercise of personal jurisdiction when the party makes a general appearance in the action.'" (*Air Machine Com SRL v. Superior Court* (2010) 186 Cal.App.4th 414, 419 (*Air Machine*); accord, *Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 341.) "'"A general appearance operates as a consent to jurisdiction of the person . . . ."'" (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52.)

Section 1014 provides in part a defendant generally appears in an action "when the defendant answers, demurs, files a notice of motion to strike, files a notice of motion to transfer pursuant to Section 396b, moves for reclassification pursuant to Section 403.040, gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant." However, this statutory list of acts constituting a general appearance is not exclusive. (*Hamilton v. Asbestos Corp*. (2000) 22 Cal.4th 1127, 1147; *Air Machine, supra*, 186 Cal.App.4th at p. 420.) A defendant who invokes the authority of the court on his or her behalf or who affirmatively seeks relief available only if the court has jurisdiction over the defendant has made a general appearance. (*Factor Health Management v. Superior Court* (2005) 132 Cal.App.4th 246, 250; *Roy v. Superior Court, supra,* 127 Cal.App.4th at p. 341.) "[W]hether a party engaged in an act that amounts to an appearance is 'fact specific.'" (*Air Machine*, at p. 420.)

Section 418.10 provides an important exception to these well-established principles. Pursuant to section 418.10, subdivision (a)(1), a defendant may move to quash service of summons on the ground of lack of jurisdiction of the court over him or her.[4] Standing alone, of course, such a motion does not constitute a general appearance. (§ 418.10, subd. (d).) Moreover, section 418.10, subdivision (d), expressly authorizes a

---

[4]     Section 418.10, subdivision (a)(2), authorizes a motion to stay or dismiss the action on the ground of inconvenient forum and subdivision (a)(3) a motion to dismiss the action for lack of prosecution.

8

defendant to join a motion to quash for lack of jurisdiction with a motion under section 473 or 473.5 to set aside a default or default judgment without those requests for relief constituting a general appearance:  "[N]o motion under this section, or under Section 473 or 473.5 when joined with a motion under this section . . . shall be deemed a general appearance by the defendant."  (§ 418.10, subd. (d); see Judicial Council of Cal., com., 14B West's Ann. Code Civ. Proc. (2004 ed.) foll. § 418.10, pp. 180-181 ["Section 418.10 continues the law that permits a defendant, or in appropriate cases a cross-defendant, who desires to challenge the jurisdiction of the court and to raise certain defenses, to make a special appearance for such purposes, without submitting to the jurisdiction of the court. . . .  [¶] . . . [¶]  Defendant is permitted to join with such motion a motion under Section 473 or 473.5 of the Code of Civil Procedure to set aside a default or default judgment.  [Citations.]  Neither of these motions, when made with a motion under this section, is deemed a general appearance by the defendant."]; see also *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1246, 1251 [finding no general appearance by defendants who filed motion to quash service of summons, to vacate defaults and to dismiss for lack of personal jurisdiction and inconvenient forum].)

In addition to the safe harbor provided by section 418.10, subdivision (d), for a motion for relief from default when combined with a motion to quash for lack of jurisdiction under section 418.10, subdivision (a), subdivision (e) of the same statute, added by the Legislature in 2002, provides in part, "(1) Notwithstanding Section 1014, no act by a party who makes a motion under this section, including filing an answer, demurrer, or motion to strike constitutes an appearance, unless the court denies the motion made under this section."  Pursuant to this provision, therefore, if a party files a motion to quash for lack of jurisdiction "before or simultaneously with an act that would otherwise constitute a general appearance, under subdivision (e) of section 418.10 that party will *not* be deemed to have 'generally appeared' in the action, but instead will be deemed to have 'specially appeared' and not waived the party's jurisdictional challenge." (*Air Machine, supra,* 186 Cal.App.4th at p. 426; accord, *Roy v. Superior Court, supra,* 127 Cal.App.4th at p. 345 ["[n]othing could be clearer:  a defendant may move to quash

9

coupled with *any* other action without being deemed to have submitted to the court's jurisdiction"].)

>    2. *The Superior Court Erred in Finding Bouchard Had Waived His Objection to Jurisdiction by Combining His Motion To Dismiss for Lack of Personal Jurisdiction with His Motion To Set Aside Default*

The superior court's stated reason for finding Bouchard had waived his objection to personal jurisdiction—that his noticed motion filed April 18, 2013 combined a motion to dismiss for lack of personal jurisdiction with a motion to set aside the default and default judgment—was unquestionably wrong.[5]  As discussed, pursuant to the plain language of section 418.10, subdivision (d), Bouchard was permitted to join his jurisdictional motion with one that recognized the court's authority to set aside his default without being deemed to have made a general appearance.  (See, e.g., *Renoir v. Redstar Corp.* (2004) 123 Cal.App.4th 1145, 1154 [recognizing right of specially appearing defendant to set aside judgment deemed void due to lack of personal jurisdiction]; *Strathvale Holdings v. E.B.H., supra*, 126 Cal.App.4th at pp. 1246, 1251.)  The court's contrary ruling was error.

>    3. *Bouchard's Ex Parte Application Did Not Constitute a General Appearance*

Glover does not attempt to defend the superior court's rationale for finding Bouchard had generally appeared in the underlying proceeding.  Instead of focusing on the April 18, 2013 noticed motion, as the court did, Glover insists Bouchard made a general appearance and consented to the court's jurisdiction before filing that motion because he did not include a motion to quash under section 418.10 with his ex parte applications for relief under sections 473 and 473.5.  This, too, is incorrect.

---

[5]  Because respondent's ruling involved interpretation of statutes and the essential facts concerning the procedural history of the action are not disputed, we review the propriety of the September 18, 2013 waiver order de novo.  (*Templeton Development Corp. v. Superior Court* (2006) 144 Cal.App.4th 1073, 1080; see *Hunt v. Superior Court* (2000) 81 Cal.App.4th 901, 905.)

10

a. *An ex parte application for relief from default does not fall within the protective ambit of section 418.11*

Section 418.11 provides, "An appearance at a hearing at which ex parte relief is sought, or an appearance at a hearing for which an ex parte application for a provisional remedy is made, is not a general appearance and does not constitute a waiver of the right to make a motion under Section 418.10." Bouchard contends this section permitted him to seek ex parte relief from the default and default judgment obtained by Glover without his ex parte application being deemed a general appearance.

Bouchard's argument has some superficial appeal. Although section 418.11 refers specifically only to an "appearance" at ex parte proceedings, the protection it affords may include, in appropriate circumstances, affirmative action by a defendant ancillary to the ex parte appearance itself: "If a defendant is permitted to make a special appearance to oppose the ex parte application, and discovery is required to obtain the evidence necessary to oppose the ex parte application, the defendant should be permitted to conduct such discovery without being considered to have made a general appearance in the action. To hold otherwise would render section 418.11 meaningless in cases where discovery was required to oppose an ex parte application for a provisional remedy." (*Factor Health Management v. Superior Court, supra,* 132 Cal.App.4th at pp. 250-251.)[6]

---

[6] In *Factor Health Management* our colleagues in Division One of this court held filing an ex parte application for an order setting the depositions of plaintiffs, which defendants had claimed "were necessary to enable them to respond to the order to show cause for the preliminary injunction" (*Factor Health Management v. Superior Court, supra*, 132 Cal.App.4th at p. 249), constituted a general appearance in the action, waiving defendants' right to challenge personal jurisdiction. (*Id*. at p. 251.) The court explained, "An order to show cause for a preliminary injunction is not within the scope of section 418.11, which extends only to ex parte applications for provisional relief. This is because a motion for a preliminary injunction 'involve[s] a determination related to the merits of the case.' [Citations.] Petitioners admit their conduct of discovery involved the merits of the case. It therefore constituted a general appearance in the action." (*Ibid.*)

*Factor Health Management* thus distinguishes between a defendant's request for nonmerits-based relief that is essentially defensive in nature and ancillary to the ongoing ex parte proceedings and affirmative, merits-based relief that invokes the court's authority over the parties. To the extent *Factor Health Management* can also be read to

11

Nonetheless, the legislative history of section 418.11 makes clear the new provision, added to the Code of Civil Procedure in 1987 (Stats. 1987, Ch. 62, § 1, p. 255), was intended only to protect the right of a defendant to participate in an ex parte proceeding initiated by the plaintiff before the defendant had an adequate opportunity to prepare and file a motion to quash for lack of jurisdiction—not to allow a defendant who intends to challenge the jurisdiction of the court to seek affirmative relief.  Sponsored by the State Bar of California, Assembly Bill No. 577 (1987-1988 Reg. Sess.) was a response to *California Overseas Bank v. French American Banking Corp.* (1984) 154 Cal.App.3d 179, which held an appearance to oppose an ex parte application for a temporary restraining order constituted a general appearance and waived any objection to the court's jurisdiction, precluding the defendant from subsequently moving to quash service of summons for lack of jurisdiction under section 418.10, even though the defendant had not yet been served in the lawsuit and had not sought any affirmative relief at the hearing.[7]  As reflected in the report of the Assembly Committee on Judiciary, the nature of a request by a plaintiff for ex parte relief "'is such that it is unfair to impose the penalty of waiver of the right to challenge jurisdiction or venue on a party who appears to oppose the relief. . . .  Counsel usually have hardly enough time to muster information to oppose the ex parte relief being requested, much less being able to gather information on

hold section 418.11 does not apply to an appearance at any hearing at which some form of ex parte relief other than a provisional remedy is sought (for example, an application for an order shortening time for a noticed motion)—as Glover asserts—we respectfully disagree.  Such an interpretation would effectively delete the first 12 words from the statute and require us to disregard the use of the disjunctive, rather than the conjunctive, to link "a hearing at which ex parte relief is sought" with "a hearing for which an ex parte application for a provisional remedy is made."  Any such artificial construction of this legislation should be avoided.  (*Reno v. Baird* (1998) 18 Cal.4th 640, 658 ["'[c]ourts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage'"]; *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 ["[a] construction making some words surplusage is to be avoided"].)

[7]     The decision in *California Overseas Bank* was authored by Presiding Justice Spencer, who also wrote the opinion in *Factor Health Management v. Superior Court, supra,* 132 Cal.App.4th 246.

12

the more complex and time consuming analysis involving jurisdiction or venue.' [¶] . . . This bill protects those parties appearing to oppose an ex parte motion and those other defendants who may appear to either support the motion or take no position. The sponsor is concerned that any one of these parties may be asked to discuss the merits or facts of the case by the court, thereby inadvertently losing their right to challenge the forum in which the action has been brought by the plaintiff." (Assem. Com. on Judiciary, com. on Assem. Bill No. 577 (1987-1988 Reg. Sess.), as introduced Feb. 12, 1987, hearing on May 6, 1987.)

The distinction between a defendant who has not yet appeared in an action attending a hearing in response to a request for ex parte relief (whether to oppose, support or take no position) and such a defendant initiating a request for affirmative relief on his or her own behalf is significant. In the former situation, as the Assembly report explained, there is typically insufficient time to prepare for the appearance, let alone to draft a properly supported motion to quash service. In contrast, in the latter situation the defendant generally has control of the timing and faces no insurmountable obstacle in marshalling the facts needed to join a motion to quash with a request for whatever other emergency relief may be sought, a joinder that would not waive the jurisdictional objection under section 418.10, subdivisions (d) and (e). Section 418.11 was enacted to overturn *California Overseas Bank* and to protect the defendant in the first situation. Bouchard was in the second.

      b. *Under section 418.10, subdivision (e), Bouchard's ex parte application would not constitute a general appearance until his previously filed motion to quash was denied*

As discussed, section 418.10, subdivision (e)(1), provides no act by a party who has filed a motion to quash for lack of jurisdiction constitutes a general appearance unless the court denies the motion challenging jurisdiction. That is, a party who moves to quash may simultaneously or subsequently seek some form of affirmative relief that, standing alone, would recognize the court's jurisdiction to proceed (for example, answering the complaint or seeking an order permitting discovery on the merits) without thereby

13

submitting to the court's jurisdiction. (*Air Machine, supra*, 186 Cal.App.4th at p. 427 [the word "act" in section 418.10, subdivision (e), "means *any* act, and is not limited to an 'act' that is defensive in nature"].) However, if the court denies the motion to quash, the defendant at that point is deemed to have generally appeared in the action. (§ 418.10, subd. (e)(1) ["[i]f the court denies the motion made under this section, the defendant or cross-defendant is not deemed to have generally appeared until entry of the order denying the motion"]; see *State Farm General Ins. Co. v. JT's Frames, Inc.* (2010) 181 Cal.App.4th 429, 441, fn. 13 ["safe harbor" granted by the first part of section 418.10, subdivision (e)(1), is qualified by the second part; "the Legislature expressly provided that any freedom from the usual consequences of conduct constituting a general appearance was temporary and conditional. Subdivision (e)(2) confirms that recognition of a defendant's general appearance is triggered by the denial of the motion challenging jurisdiction, but ensures a defendant the opportunity to seek writ review by providing that such defendant will not be 'deemed to have generally appeared until the proceedings on the writ petition have finally concluded.'"] .)

Following the attempted service on Bouchard of the original complaint in the underlying proceeding, Bouchard moved to quash service under section 418.10, subdivision (a)(1), on the ground of lack of jurisdiction. That motion was neither denied by the court nor withdrawn by Bouchard. Accordingly, under subdivision (e)(1), Bouchard's April 12, 2013 ex parte application[8] for relief from the improperly entered default and default judgment—an act by a party who had previously moved under section 418.10, subdivision (a)—did not constitute a general appearance.

---

[8]     The initial, March 27, 2013 ex parte application was filed by National Title on behalf of Bouchard, not Bouchard himself. National Title's actions cannot constitute a general appearance by Bouchard or otherwise support the exercise of personal jurisdiction over Bouchard in his individual capacity. In any event, the substance of National Title's application, which, like Bouchard's, attached the motion to quash for lack of personal jurisdiction, was identical to Bouchard's subsequent application; and our analysis applies equally to both filings.

To be sure, based on the representation by counsel for Glover that Bouchard would be voluntarily dismissed, the hearing date for the motion to quash was taken off calendar. But the motion remained pending and, at least under the peculiar circumstances presented here, permitted Bouchard to seek to set aside the default and default judgment, which had been entered in patent violation of the earlier agreement to dismiss him from the litigation, without the ex parte application for relief constituting a general appearance. (See generally *Air Machine, supra*, 186 Cal.App.4th at pp. 426-427 [statute should be read broadly to effectuate "Legislature's intent in enacting section 418.10, subdivision (e), of eliminating the risk of inadvertent waivers of objections to personal jurisdiction" based on trivial procedural actions].)

Although the ex parte application did not expressly seek to quash service on the ground of lack of jurisdiction or cite section 418.10, subdivision (a)(1), nothing in the application was directed to the merits of Glover's action or strayed in any way from Bouchard's consistent position he was not subject to the jurisdiction of the California courts. To the contrary, in his memorandum of points and authorities in support of the application, Bouchard adhered to his position the court had no personal jurisdiction over him, asserting the default judgment was void for that reason alone, even if no other. (Cf. *Renoir v. Redstar Corp., supra*, 123 Cal.App.4th at p. 1153 [brief references to issues relating to the merits do not constitute a general appearance; "[d]efendants expressly adhered to their proposition that the trial court had no personal jurisdiction over them"].) Moreover, Bouchard specifically requested the court, in addition to vacating the default judgment, dismiss him as a defendant for lack of jurisdiction. The ex parte application attached the prior motion and supporting declarations and stated, "all facts and legal arguments contained in the prior Jurisdiction Motion—attached hereto as Exhibit 2—are incorporated as if they were fully contained herein." The memorandum continued, "As there is no basis for personal jurisdiction over Bouchard, this Court need not even consider the multitude of improprieties committed by Burke [Glover's counsel] in order to vacate the Judgment and dismiss Bouchard from this action."

15

It would not only reward ethically dubious gamesmanship but also wholly disregard the Legislature's efforts to eliminate "traps for the unwary" in the law governing special and general appearances to uphold the superior court's finding that Bouchard had waived his objection to personal jurisdiction here (see, e.g., Sen. Com. on Judiciary, analysis of Sen. Bill No. 1325 (2001-2002 Reg. Sess.) as introduced Jan. 29, 2002, pp. 3-4 [explaining need for legislation adding subdivision (e) to section 418.10; "current California law on special and general appearances 'is a quagmire filled with traps for the unwary'"]).  We decline to do either.

## DISPOSITION

The petition is granted.  Let a peremptory writ of mandate issue directing respondent Los Angeles Superior Court to vacate the portion of its September 18, 2013 order denying Bouchard's motion to dismiss for lack of personal jurisdiction and to consider and rule on the merits of the motion.  Bouchard is to recover his costs in this writ proceeding.


                                                    PERLUSS, P. J.

We concur:


        WOODS, J.


        ZELON, J.

16