Filed 5/20/24  Lerma v. Cottrell CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| NICHOLAS LERMA et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> COTTRELL, INC., <br><br> Defendant and Respondent. | D082595 <br><br><br> (Super. Ct. No. 37-2018-00008499-CU-PL-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

Carpenter & Zuckerman, John P. Kristensen, and Frank M. Mihalic, Jr., for Plaintiffs and Appellants.

SBE and Jeffrey Y. Choi for Defendant and Respondent.

Nicholas and Gina Lerma appeal from an order dismissing their second of two product liability cases against Cottrell, Inc. for failure to serve the summons and complaint within the statutory three-year deadline after filing. (Code Civ. Proc.,[1] §§ 583.210, 583.250.)  We reject their sole contention that

---

[1]     Undesignated statutory references are to the Code of Civil Procedure.

service of the summons and complaint was unnecessary because Cottrell made a "general appearance in the action."  (§ 583.220.)  Accordingly, we affirm the order of dismissal.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Lerma I, Lerma II, and Wehn Actions*

In February 2018, the Lermas filed a lawsuit in San Diego Superior Court against Cottrell and other defendants arising from an accident Nicholas suffered when he fell from the upper deck of a Cottrell truck rig in February 2016.  (*Lerma v. Cottrell, Inc.*, San Diego Superior Court No. 37-2018-00008499-CU-PL-CTL (*Lerma I*).)

In October 2019, the Lermas filed a second lawsuit (represented by the same counsel) in San Diego Superior Court against Cottrell and other defendants arising from another accident Nicholas suffered when he fell from a Cottrell truck rig in November 2018.  (*Lerma v. Cottrell, Inc.*, San Diego Superior Court No. 37-2019-00057325-CU-PL-CTL (*Lerma II*).)

In May 2019, Michael and Sharan Wehn (represented by the same counsel as the Lermas) filed a lawsuit in San Diego Superior Court against Cottrell and other defendants arising from an accident Michael suffered when he fell from a Cottrell truck rig in May 2017.  (*Wehn v. Cottrell, Inc.*, San Diego Superior Court No. 37-2019-00024330-CU-PL-CTL.)

B. *Consolidation for Pretrial Purposes Only*

In November 2019, counsel stipulated to consolidate all three cases under the *Lerma I* case number "for pretrial purposes only."  The parties further stipulated "[t]hat each matter be ultimately adjudicated by separate trials after pretrial proceedings are completed."  Accordingly, the *Lerma I* court entered an order consolidating all three cases "into the [*Lerma I*] case number . . . for pretrial purposes only" and directing that the files in the

other cases "shall be transferred to this department forthwith."  The order further stated that "[e]ach matter shall be ultimately adjudicated by separate trials after pretrial proceedings are completed."

C. *Summary Judgment in Lerma I*

In April 2022, Cottrell filed a motion for summary judgment and summary adjudication solely as to the *Lerma I* claims arising from the February 2016 accident.  The caption listed *Lerma I* as the lead case number and noted that it was consolidated with the other two cases.  The Lermas opposed the motion solely on the ground that it failed to address their claims relating to November 2018 accident at issue in *Lerma II*.  Their opposition papers further stated that they were dismissing without prejudice their *Lerma I* claims relating to the February 2016 accident.

In September 2022, the trial court granted Cottrell's motion for summary judgment in *Lerma I* only and rejected the Lermas' attempt to dismiss those claims without prejudice "to avoid a pending summary judgment motion."

D. *Dismissal of Lerma II*

Two days after filing the *Lerma I* summary judgment motion in April 2022, counsel for Cottrell sent an email to the Lermas' counsel following up on a conversation they had regarding the three consolidated cases.  The email included the following language: "Additionally, one of the Lerma cases [*Lerma II*] has not been served per our discussion.  Please let us know your proposal for handling that.  We will have additional discovery to do once that gets handled."  This email was sent over six months before the three-year deadline for service of the summons and complaint expired in *Lerma II*. (§ 583.210, subd. (a).)  For reasons not explained in the record, the Lermas never served the *Lerma II* summons and complaint on Cottrell.

3

In November 2022, Cottrell filed a motion to dismiss *Lerma II* for failure to serve the summons and complaint within the three-year deadline. The Lermas opposed the motion solely on the ground that Cottrell had filed a general appearance in the consolidated actions by failing to object to the consolidation and thereafter filing a motion for summary judgment in *Lerma I*.

The trial court granted Cottrell's motion to dismiss *Lerma II*. The court rejected the Lermas' argument that Cottrell had made a general appearance in *Lerma II* for the following reasons: (1) the cases were consolidated only for pretrial purposes and remained separate for trial purposes; (2) such a limited consolidation did not constitute a complete merger of the actions, under the holding of *Sanchez v. Superior Court* (1988) 203 Cal.App.3d 1391 (*Sanchez*); (3) the only subject of Cottrell's summary judgment motion was *Lerma I*, not *Lerma II*; and (4) Cottrell had not propounded, been served with, or responded to any discovery requests in *Lerma II*.

## DISCUSSION

Relying heavily on *Hamilton v. Asbestos Corporation* (2000) 22 Cal.4th 1127 (*Hamilton*), the Lermas contend that the trial court erred in dismissing *Lerma II* because Cottrell made a general appearance by stipulating to consolidate *Lerma I* and *Lerma II* for pretrial purposes and then filing a summary judgment motion under the consolidated case number. We disagree.[2]

Section 583.210, subdivision (a) provides that the summons and complaint in a civil action shall be served within three years of the filing of

---

[2] The parties agree that the applicable standard of review is abuse of discretion. We find it unnecessary to decide this question because we would affirm the order under any standard of review.

the complaint. Subject to certain statutory exceptions, section 583.250 states that if service is not made within the time prescribed, the action is subject to mandatory dismissal. The only exception at issue here is section 583.220, which provides that the three-year deadline "does not apply if the defendant enters into a stipulation in writing *or does another act that constitutes a general appearance in the action.*" (Italics added.)

A general appearance need not be a formal or technical act. (*Sanchez, supra,* 203 Cal.App.3d at p. 1397.) Rather, "the term may apply to various acts which, under all of the circumstances, are deemed to confer jurisdiction of the person." (*Ibid*.) "What is determinative is whether defendant takes a part in the particular action which in some manner recognizes the authority of the court to proceed." (*Ibid*.)

In *Sanchez*, two sets of plaintiffs filed separate actions arising out of the same vehicle accident. The complaint in the first action was served on all defendants, but the complaint in the second action was not. The two actions were consolidated for trial only. After the three-year deadline to serve the second complaint passed, defendants filed motions to dismiss the second action. The trial court denied the motions, but the appellate court granted writ relief and directed the trial court to grant the petitioning defendant's motion to dismiss. (*Sanchez, supra,* 203 Cal.App.3d at pp. 1394–1395, 1401.)

The Court of Appeal rejected the plaintiffs' contention that the defendant's appearance in the first action constituted an appearance in the second because the cases were consolidated. The court concluded that the two actions remained separate and distinct and were not completely merged because they were consolidated for purposes of trial only. (*Sanchez, supra,* 203 Cal.App.3d at pp. 1396, 1399.) The court reasoned that "there were two different sets of plaintiffs who pleaded their cases separately and would

5

presumably expect separate judgments," there was "no indication in the record that the two complaints in these actions became merged," and "the actions retained their separate numbers." (*Id.* at p. 1396.)  Accordingly, the court concluded that by appearing at depositions noticed by the plaintiffs and otherwise defending his interests in the first action, the petitioning defendant had not made a general appearance in the second action.  (*Id.* at p. 1399.)

In *Hamilton*, our Supreme Court reached a different result.  There, the plaintiff brought two different actions against the same defendant (Asbestos Corporation) for different diseases arising from the same asbestos exposure.  (*Hamilton, supra*, 22 Cal.4th at pp. 1132–1133.)  The first complaint was never served on Asbestos Corporation, but the second one was.  (*Id.* at p. 1133.)  The court consolidated the two cases for all purposes, and the case went to trial against Asbestos Corporation, resulting in a single verdict and judgment for the plaintiff under the consolidated case number.  (*Id.* at pp. 1133–1134, 1136–1137, 1148.)  Asbestos Corporation fully participated in the consolidated action and trial from beginning to end without objecting to the trial court's jurisdiction on the basis that the complaint in the first action had never been served on it.  (*Id.* at p. 1149.)  Asbestos Corporation did not even raise the issue in its appeal from the judgment—instead, the Court of Appeal raised and decided it on its own motion.  (*Id.* at p. 1149, fn. 13.)

After granting review, the Supreme Court concluded that because the two cases had been consolidated "for all purposes," and Asbestos Corporation had fully participated in the consolidated action all the way through trial and judgment without objection, it had made a general appearance in the first action.  (*Hamilton, supra*, 22 Cal.4th at pp. 1147, 1149.)  In reaching this result, the court distinguished between two different kinds of consolidation: (1) "a consolidation for purposes of trial only, where the two actions remain

6

otherwise separate" (as in *Sanchez*); and (2) "a complete consolidation or consolidation for all purposes, where the two actions are merged into a single proceeding under one case number and result in only one verdict or set of findings and one judgment." (*Id*. at p. 1147.) The *Hamilton* court repeatedly emphasized that the consolidation at issue there was "for all purposes." (*Id*. at pp. 1147–1149.)

This case involves a third type of consolidation: "for pretrial purposes only." The consolidation order explicitly stated that "[e]ach matter shall be ultimately adjudicated by separate trials after pretrial proceedings are completed." Even the Lermas concede in their reply brief that the "cases were to unmerge" when they went to trial. Thus, the stipulation and order to consolidate the actions for "pretrial purposes only" contemplated separate trials, separate verdicts, and separate judgments for each of the three cases, presumably entered in the original case numbers after the cases were "unmerged."

We conclude that *Sanchez* rather than *Hamilton* is controlling in these circumstances. Because the cases were not consolidated for all purposes, and the consolidation did not contemplate a single proceeding resulting in only a single verdict and judgment, the holding of *Hamilton* does not apply. A consolidation for all purposes results in a complete merger of the actions, such that an appearance in one constitutes an appearance in the others. (*Hamilton, supra*, 22 Cal.4th at pp. 1147–1149.) But here, the actions retained their separate identities because they were consolidated only for the limited purpose of pretrial proceedings. As the Ninth Circuit has observed, "individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally separate actions, intended to resume their independent status once the pretrial stage of litigation is over." (*Bahn v.*

7

*Korean Airlines Co.* (*In re Korean Air Lines Co.*) (9th Cir. 2011) 642 F.3d 685, 700.)

Because the *Lerma I* and *Lerma II* actions were not consolidated for all purposes, they were not merged into one, and Cottrell's summary judgment motion filed only as to *Lerma I* did not constitute a general appearance in *Lerma II*. Cottrell never filed any motions in *Lerma II* or took part in any other proceeding that recognized the authority of the court to proceed in that matter. We therefore conclude that the trial court correctly dismissed the *Lerma II* complaint for failure to serve the summons and complaint within the three-year deadline.

Although the argument headings of the Lermas' opening brief only refer to Cottrell's summary judgment motion as a basis for their claim that Cottrell made a general appearance in *Lerma II*, they observe in passing that Cottrell noticed and took the deposition of Nicholas Lerma in two sessions occurring in July and November 2021, after the cases were consolidated for pretrial purposes. But the Lermas did not mention this deposition in their opposition papers below; they did not argue that Cottrell's participation in this or any other discovery constituted a general appearance in *Lerma II*; and they have provided no reasoned argument or authority to support such an argument in their appellate briefs. We therefore deem the argument to have been forfeited. (See *Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417 [issues not raised in trial court cannot be raised for first time on appeal]; *Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066 [point asserted without reasoned argument or citation to authority is forfeited].)[3]

---

[3] Though not argued below, there is California authority not cited by the Lermas holding that making discovery demands or initiating discovery

8

DISPOSITION

The order of dismissal is affirmed. Respondent is entitled to recover its costs on appeal.

BUCHANAN, J.

WE CONCUR:


IRION, Acting P. J.


DATO, J.

---

proceedings unrelated to jurisdiction can constitute a general appearance. (See, e.g., *Factor Health Management v. Superior Court* (2005) 132 Cal.App.4th 246, 250; *Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 341; *Creed v. Schultz* (1983) 148 Cal.App.3d 733, 740.) Even if the issue were not forfeited, however, the record is unclear whether Cottrell deposed Nicholas in both *Lerma* actions or just *Lerma I*. The document requests accompanying the notice of deposition and amended notices only mention the February 2016 accident date at issue in *Lerma I* as well as a singular "rig at issue"—even though the accidents in *Lerma I* and *Lerma II* involved two different rigs. Moreover, at one point during the deposition, counsel for Cottrell asked, "And did you understand that this lawsuit that we're here on today is different from the other lawsuit, that they are two separate ones?" Counsel for the Lermas did not object or disagree with this statement. Although counsel for Cottrell ultimately did ask Nicholas questions about both the 2016 accident and the 2018 accident, that may have been just to differentiate which injuries he was attributing to which accident. Because the issue was not raised below, Cottrell had no opportunity to explain or develop the record on this point. A new theory involving a legal question may be presented for the first time on appeal only if it is determinable from facts that are (1) uncontroverted in the record, and (2) could not have been altered by the presentation of additional evidence. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 699.)

9