Filed 1/30/26  Granados v. Kapoor CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STEPHANIE GRANADOS, Trustee of the Stephanie J. Granados Trust Dated November 18, 2020, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> SANJEEV KAPOOR, <br><br>     Defendant and Appellant. | A171191 <br><br><br> (Alameda County <br> Super. Ct. No. 23CV042138) |

The trial court entered a default judgment against Sanjeev Kapoor when he failed to answer a complaint filed by Stephanie Granados, in her capacity as trustee of the Stephanie J. Granados Trust Dated November 18, 2020.  The court denied Kapoor's motion to set aside the default.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Granados filed a trespass action against Kapoor, alleging Kapoor removed an old fence and constructed a new fence that encroached upon her property without her permission.  The summons and complaint were served on Kapoor by substitute service on September 30, 2023.  The proof of service indicated that a man who refused to provide his name accepted the summons and complaint at Kapoor's residence, and that copies of the documents were mailed to the residence a few days later.  The proof of service also indicated

1

two other prior attempts at service were made at Kapoor's residence, including an attempt on September 29 where there was no answer and "[n]o sounds inside."

On January 23, 2024, the trial court held an initial case management conference. The minute order indicated the matter was not contested.

On January 31, 2024, Granados filed a request for entry of default and judgment. On March 20, 2024, Granados appeared virtually at a "Default Prove Up Hearing" and was sworn in. Based on her answers to its questioning, which included testimony regarding the service of summons and complaint on Kapoor, the trial court entered a modified judgment against Kapoor and instructed Granados's counsel to correct the costs and resubmit the proposed judgment within 14 days.

On April 8, 2024, the trial court entered judgment against Kapoor in the total amount of $18,565.57 ($17,876 in damages and costs of $689.57). In an attachment to the judgment, the court affirmed its "jurisdiction to enter" the default judgment based on Kapoor's failure to appear in the action after "substituted service" was effectuated on Kapoor at his residence.

On June 26, 2024, Kapoor filed a motion for relief from default pursuant to Code of Civil Procedure section 473, subdivision (b).[1] His motion was accompanied by a declaration in which he made the following representations. Despite a statement in the filed proof of service that a man was served at Kapoor's house on September 30, 2023, this statement was false. Kapoor is the only man who lives at the house, and he was out shopping for shoes with his daughter when the service purportedly occurred. And though the process server indicated there was no answer and no sound

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

2

from within the house when service was previously attempted on September 29, this could not be correct because Kapoor has a small dog in the house that barks loudly and continuously whenever anyone knocks at the door.

Kapoor stated he did not learn of the action until January 16, 2024, when he went to the Alameda County Superior Court to obtain information regarding a small claims case he had pending. At that time, the court clerk informed him of this matter and apprised him of an upcoming January 23 hearing. Kapoor returned to the court on January 22 to obtain a complete copy of the complaint.

On January 23, Kapoor attempted to attend the initial case management conference. He brought with him documents and evidence relating to the fence dispute with Granados, believing he could present these to the court during the hearing because this is what he did in his prior small claims case. However, the clerk said Kapoor could not be heard by the judge and would need to come to a later hearing set for May 14.

On April 26, Kapoor received a letter from Granados's counsel informing him of the judgment. That same day, Kapoor went to the court to obtain copies of the case documents, which led to his discovery that the default prove up hearing occurred on March 20. At this point, Kapoor began looking for an attorney to help him.

Kapoor attempted to attend the May 14 hearing but was informed the hearing had been cancelled due to entry of the April 8 default judgment. On May 22, Kapoor retained an attorney to assist him with the motion to set aside default but this attorney failed to appear at a hearing he stated he would attend. On June 6, Kapoor retained another attorney.

Kapoor's motion argued he was entitled to relief under section 473, subdivision (b), because he was never served with the summons and

3

complaint. He also asserted he should "have his day in court" because he had a "meritorious defense."

In opposing the motion, Granados pointed out that Kapoor's own declaration indicated he had actual notice of the lawsuit two weeks before the default was entered, yet failed to hire an attorney or provide a satisfactory excuse for his inaction. Because self-represented litigants are held to the same standards as attorneys, Granados argued, Kapoor cannot claim ignorance of the law as a defense and instead must bear the consequences of choosing to proceed without counsel.

In reply, Kapoor raised several new contentions for finding the default judgment void, and a week after that he filed a declaration outlining a list of attorneys he consulted from April 26 to May 21, 2024.

The trial court denied Kapoor's motion for relief. While noting Kapoor denied being served, the court determined he failed to demonstrate the default judgment was taken against him as a result of his mistake, inadvertence, surprise, or excusable neglect. Specifically, the court observed Kapoor's declaration acknowledged his awareness of the lawsuit on January 16, 2024, and his receipt of a complete copy of the complaint from the clerk's office on January 22—nine days before the entry of his default. The court also rejected the new information Kapoor submitted with his reply, emphasizing that Kapoor did not consult an attorney about the case until May 22, 2024, nearly a month after he received notice of the default judgment, and that he instead chose to rely on his experience in small claims court. Based on the foregoing, the court concluded Kapoor failed to act with reasonable diligence and was required to accept the risks of proceeding without counsel.

4

Kapoor first argues the default judgment is void because he was never served with the summons and complaint. Without a valid service of the summons, Kapoor contends the trial court never acquired jurisdiction over him, even if he had actual notice of the lawsuit. The contention is not well taken.

First of all, the record contains substantial evidence supporting the trial court's determination on April 8, 2024, that Kapoor was in fact properly served with the summons and complaint. (See *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 828 [appellate court reviews trial court's factual findings for substantial evidence].) Specifically, the filed proof of service indicated that the process server attempted to serve Kapoor at his house on two occasions before leaving the papers with a man at the house. The trial court also examined Granados at the default prove up hearing on March 20, 2024, and concluded "based on the oral testimony of [Granados]" that substitute service was effective on Kapoor.

In any event, even if the service was somehow ineffective, no basis for relief appears. On this score, Kapoor is generally correct that a trial court lacks jurisdiction over a defendant until the defendant has been served with the summons and complaint. (*Ruttenberg v. Ruttenberg* (1997) 53 Cal.App.4th 801, 808.) But he ignores the evidence in the record establishing his general appearance in this action, which is "equivalent to [the] personal service of summons" (§ 410.50, subd. (a)) and "can make up for a complete failure to serve a summons" because it " 'operates as a consent to jurisdiction.' " (*Fireman's Fund Ins. Co. v. Sparks Constr., Inc.* (2004) 114 Cal.App.4th 1135, 1145.) " 'A general appearance occurs when the defendant takes part in the action or in some manner recognizes the authority of the

court to proceed.' " (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 7 (*Obrecht*).) Examples include requesting a trial continuance without challenging personal jurisdiction (*In re Vanessa Q.* (2010) 187 Cal.App.4th 128, 135); arguing the merits of a case without making a jurisdictional objection (*Obrecht*, at p. 7); participating in a case management hearing (*Mansour v. Superior Ct.* (1995) 38 Cal.App.4th 1750, 1757 (*Mansour*)); and propounding discovery (*Factor Health Management v. Superior Ct.* (2005) 132 Cal.App.4th 246, 250).

As recounted above, the record indicates that after Kapoor became aware of this lawsuit in January 2024, he intended and sought to participate in it. First, by his own admission, Kapoor went to the January 23, 2024 case management conference and brought with him "evidence/documents" related to the fence dispute so he could "present [these] . . . to the judge during the hearing."[2] After being told by the clerk that he could not be heard by the judge, Kapoor attempted to attend another hearing on May 14, 2024 at which time he was informed that a default had been entered against him. Later, when Kapoor filed his motion to set aside default, he did not contest the court's jurisdiction or authority over this action but instead argued he should "have his day in court" as he had a "meritorious defense." Taken together, Kapoor's efforts reflected his participation in the proceedings, as well as his acknowledgement of the trial court's authority over this matter and his submission to the court's jurisdiction. (See *Obrecht, supra,* 245 Cal.App.4th at p. 7, *Mansour, supra,* 38 Cal.App.4th at p. 1757.) As such, it cannot be said the trial court never obtained jurisdiction over him.

---

[2] Kapoor's opening brief also states at multiple points that he "appeared in the court hearing on January 23, 2024, with the intent to submit all the document [*sic*] and evidences [*sic*] [record citations] in response to Complaint [*sic*]."

Kapoor next argues the trial court erred in denying his motion to set aside the default under section 473. Though Kapoor's appeal does not clearly articulate the basis on which he is seeking relief under section 473, we assume he is claiming excusable neglect under subdivision (b).

Under section 473, subdivision (b), a trial court may relieve a party from a "judgment, dismissal, order, or other proceeding taken against the party through the party's mistake, inadvertence, surprise, or excusable neglect." Unless accompanied by an attorney's affidavit of fault, this relief is discretionary. (*Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 340.) The moving party bears the burden of establishing his or her entitlement to relief. (*Austin v. Los Angeles Unified Sch. Dist.* (2016) 244 Cal.App.4th 918, 928.) "Whether the moving party has successfully carried this burden is a question entrusted in the first instance to the discretion of the trial court; its ruling will not be disturbed in the absence of a demonstrated abuse of that discretion." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410 (*Hopkins*).)

Kapoor's appeal recites authorities recognizing that a trial court does not acquire jurisdiction over defendants who have not been validly served, but he fails to meaningfully explain why he is entitled to relief. We address the following points made by Kapoor.

First, Kapoor asserts that even though he appeared on the January 23, 2024, case management hearing, he now understands he had no duty to respond to a defectively served summons. But this contention is unpersuasive based on the circumstances and authorities discussed above. It also fails to explain why Kapoor's neglect in allowing the default to be entered against him was excusable.

7

Next, Kapoor points out that after he found out on January 16, 2024, that this action had been filed against him, he obtained a full copy of the complaint on January 22 and took a day off work to attend the case management hearing on January 23. He filed no response to the complaint and essentially asserts that if he had known he had to do so, he "definitely" would have. But, Kapoor states, he "just followed the procedure [he] followed in the only other civil case of [his] lifetime — a Small Claims [*sic*] case," and when the clerk at the January 23 hearing told him there would be another hearing on May 14, he mistakenly believed that his case had been continued and that he would be able to submit his documents during that hearing. Kapoor also points out that, contrary to the trial court's factual recitation that he did not consult with an attorney until May 22, 2024, this date was when he *retained* an attorney, and he actually consulted with attorneys from April 26 to May 21.

None of these facts establishes Kapoor's entitlement to relief under section 473, subdivision (b). The record is clear that despite learning of this lawsuit on January 16, 2024, Kapoor waited at least three months before he began looking for an attorney in April. He makes no attempt to explain his belated search and retention of counsel, apart from noting a belief that this action would proceed in the same way as his prior small claims matter. This is inadequate.

It is well established that "the law casts upon every civil defendant a duty ' "to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment." ' " (*Hopkins, supra*, 200 Cal.App.4th at p. 1413.) Consequently, "[b]efore a defendant can secure relief under section 473(b) based on a failure to adequately defend himself, he must show that ' "in arranging for his defense . . . he has exercised such reasonable

diligence as a man of ordinary prudence usually bestows upon important business." ' " (*Ibid.*) "The law does not entitle a party to proceed experimentally without counsel and then turn back the clock if the experiment yields an adverse result." (*Ibid.*) Nor does it allow a party choosing to represent himself to claim mistake, inadvertence, surprise, or excusable neglect under section 473 based on " 'any alleged ignorance of legal matters or failure to properly represent himself.' " (*Ibid.*) "Rather, 'when a litigant accepts the risks of proceeding without counsel, he or she is stuck with the outcome, and has no greater opportunity to cast off an unfavorable judgment than he or she would if represented by counsel.' " (*Ibid.*)

As the record reflects, Kapoor chose to proceed without counsel for at least three months after learning of the lawsuit, during which time a default was entered against him. Having chosen to proceed in this manner and to take the risk of representing himself based on his understanding of small claims matters, Kapoor cannot now complain of the consequences that resulted from his failure to properly represent himself. (*Hopkins*, *supra*, 200 Cal.App.4th at p. 1413.)

Finally, Kapoor asserts relief should be granted based on California's strong public policy in favor of adjudicating cases on their merits. "This policy, however, cannot invariably prevail over competing policies, including those that 'favor getting cases to trial on time, avoiding unnecessary and prejudicial delay, and preventing litigants from playing fast and loose with the pertinent legal rules and procedures.' " (*Hopkins*, *supra*, 200 Cal.App.4th at p. 1415.) Nor are courts required to " ' "act as guardians for . . . parties who are grossly careless as to their own affairs." ' " (*Ibid.*) To the contrary, any " ' "doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial

9

courts, and would be unfair to the other parties to litigation." ' " (*Id.* at p. 1415.)  Kapoor has not established that the circumstances here compel application of the policy favoring adjudication on the merits.

## DISPOSITION

The judgment is affirmed.  In the interests of justice, the parties will bear their own costs.  (Cal. Rules of Court, rule 8.278(a)(5).)


_____

Fujisaki, J.


WE CONCUR:


_____

Tucher, P. J.


_____

Rodríguez, J.


*Granados v. Kapoor*  (A171191)